## KARIN L. BREY *v.* HARRY F. BREY
### (2373)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued November 8, 1983—decision released March 20, 1984

*Hans C. Wriedt,* for the appellant (plaintiff).
*Samuel J. Bernstein,* for the appellee (defendant).

PER CURIAM. The complaint is in two counts, and the substance of the first count, as stated in the plaintiff's brief, is that the defendant has failed to make payments for the support of the minor children of the parties in accordance with the terms of a separation agreement executed by them prior to a divorce obtained on February 23, 1973, in the Dominican Republic. The second count was abandoned in this appeal.[1]

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

In connection with her action, the plaintiff made application pursuant to General Statutes § 52-504[2] for the appointment of a receiver for Cinema Ridgefield, a movie theatre located in Ridgefield, and allegedly owned by the defendant as the sole stockholder of a now dissolved corporation known as Danscott Cinemas, Inc.[3] An order to show cause why a receiver should not be appointed was issued by the trial court and a hearing held. At the hearing, the defendant admitted his indebtedness to the plaintiff, but denied any ownership interest in Cinema Ridgefield. He claimed that he had transferred all of his holdings in Danscott Cinemas, Inc., which included Cinema Ridgefield, to his present wife under the terms of an antenuptial agreement dated September 30, 1980. The plaintiff contended that the stock transfer was made by the defendant to avoid the duty of support owing under the separation agreement and should be set aside as fraudulent. The trial court denied the application and the plaintiff appealed.[4]

The evidence was conflicting. Credibility was a crucial factor. The plaintiff offered evidence of the defendant's continued involvement in the day to day operations of Cinema Ridgefield and introduced as exhibits a newspaper article in which the defendant purportedly stated he owns Cinema Ridgefield and a financial affidavit in which he listed the theatre as an asset. The plaintiff's

[2] "[General Statutes] Sec. 52-504. APPLICATION FOR RECEIVER; ORDERS OF JUDGE. When any action is brought to or pending in the superior court in which an application is made for the appointment of a receiver, any judge of the superior court, when such court is not in session, after due notice given, may make such order in the action as the exigencies of the case may require, and may, from time to time, rescind and modify any such order. The judge shall cause his proceedings to be certified to the court in which the action may be pending, at its next session."

[3] The plaintiff also applied for and was granted an attachment on Cinema Ridgefield.

[4] The denial of an application for the appointment of a receiver is an appealable final judgment. See *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 630, 356 A.2d 893 (1975).

evidence, though, did not go unchallenged. The defendant testified that the financial affidavit was given in connection with a loan application and included the theatre property belonging to his present wife only because she was expected to cosign the note. He denied the newspaper statements attributed to him. There was also evidence that his wife, since acquiring the theatre, is entirely active in its operation and that the transfer to her took place several months before the defendant's default under the separation agreement.

The trial court chose to believe the defendant. As the trier of fact, it was free to accept or reject, in whole or in part, the evidence of either party. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981). That a different result might have been reached is of no consequence. We cannot retry the facts. Our review is limited to a determination of whether the decision made is legally and logically consistent and supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). In this case it is.

The plaintiff also assigns as error the trial court's failure to find that the antenuptial agreement contravenes public policy and the statutes which impose on parents the obligation to support their minor children. Her claim is that when the defendant transferred his ownership of Danscott Cinemas, Inc., his only asset and sole source of income, he effectively relieved himself of his obligation of support. The plaintiff wholly relies on *McHugh* v. *McHugh,* 181 Conn. 482, 436 A.2d 8 (1980). There the court stated that an antenuptial agreement in which one spouse relieves the other spouse of the duty to support the minor children of their marriage has no binding effect in an action for dissolution of the marriage. Id., 488–89. Here, there is no such agreement.

There is no error.