## JANE S. NEAL *v.* ARNOLD R. NEAL
## (3820)

HULL, SPALLONE and BIELUCH, Js.

Argued April 1—decision released June 10, 1986

*Ralph C. Crozier,* for the appellant (defendant).
*Brian J. Farrell,* for the appellee (plaintiff).

SPALLONE, J. The defendant has appealed from the trial court's modification of an alimony award.

On October 21, 1983, after a hearing, the trial court, *F. Freedman, J.,* granted a dissolution of the parties' forty-one year marriage and ordered the defendant, Arnold Neal, to pay to the plaintiff, Jane Neal, the sum of $60 per week as periodic alimony "until such time as the plaintiff is or should be a recipient of Social Secur-

ity. Plaintiff to make [her] best effort to become a recipient." On September 25, 1984, the court, *DeMayo, J.,* granted the plaintiff's motion to modify the judgment and ordered that the alimony of $60 per week continue after the defendant became a recipient of social security benefits, which status she had attained prior to having moved to modify the judgment. On October 31, 1984, the court granted the defendant's motion to reargue the plaintiff's previously granted motion to modify the judgment and entertained the defendant's motion to terminate alimony. After a hearing and argument, the court denied the defendant's motion to terminate alimony, and modified the alimony payments from $60 to $40 per week.

On appeal, the defendant claims (1) that the court lacked jurisdiction to extend the alimony beyond the date that the plaintiff became a recipient of social security benefits, and (2) that the court erred in ruling that there existed a substantial change in circumstances warranting the allowance of alimony after the plaintiff became eligible to receive social security payments.

General Statutes § 46b-86 (a) gives the Superior Court the power to modify alimony orders, which power is limited only to the extent that the decree itself precludes modification or where there is no showing of a substantial change in the circumstances of either party outside of their contemplation. The judgment contains no language limiting the power of the court to modify the alimony. It must be construed in the same manner as other written instruments. The intention of the court is to be gleaned from a reading of the entire document. *Scoville* v. *Scoville,* 179 Conn. 277, 282, 426 A.2d 271 (1979). If the decree is meant to be nonmodifiable, it must contain language to that effect. *Cummock* v. *Cummock,* 180 Conn. 218, 222–23, 429 A.2d 474 (1980); *Lilley* v. *Lilley,* 6 Conn. App. 253, 256, 504 A.2d 563 (1986). The trial court's ruling that the judgment is

modifiable is reinforced by the highly unusual procedure agreed to by the parties wherein Judge DeMayo, who modified the judgment, contacted Judge Freedman, who rendered the original judgment, and asked whether Judge Freedman intended the alimony to be modifiable after social security payments to the plaintiff commenced. Judge Freedman responded in the affirmative. His response was put in the form of a memorandum by Judge DeMayo, was made an exhibit, and was read into the record. This procedure, albeit extraordinary, effectively arrived at a solution to the disputed issue. We treat the question relayed to Judge Freedman by Judge DeMayo as a motion to clarify the original alimony order, and we agree with the court's conclusion that the alimony order was modifiable.

The defendant's second claim challenges the court's modification of the alimony award on the ground that there was no basis for such modification. The essence of the defendant's argument is that the original alimony award terminated upon the occurrence of a fact certain, i.e., the receipt by the plaintiff of social security benefits. This argument is not persuasive. The language of the decree is ambiguous and an argument can be made that the alimony of $60 per week is to continue until the plaintiff receives social security benefits and that upon such occurrence the award becomes subject to modification to reflect the parties' financial status at that time. This interpretation supports the court's modification of the award since the plaintiff's receipt of social security was a change of circumstance expressly contemplated in the original award. The parties contended for different interpretations of the language used. The court found the disputed issue in favor of the plaintiff. The trial court's conclusion that the language used did not foreclose modifiability cannot be disturbed. On review, this court cannot retry the case. We are limited to a determination of whether the decision made

is legally and logically consistent and supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Brey* v. *Brey,* 1 Conn. App. 397, 399, 472 A.2d 354, cert. denied, 193 Conn. 806, 477 A.2d 659 (1984). This court will not substitute its view of the facts for that of the trial court, nor will it reverse the decision of that court unless the decision is found to be "clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984). The trial court's decision to modify the alimony finds ample support under the facts and circumstances in this case.

There is no error.

In this opinion, HULL, J., concurred.

BIELUCH, J, dissenting. I dissent because I conclude that the trial court's original alimony award terminated when the plaintiff began receiving social security benefits and that the court was thereafter without authority to reinstate alimony.

"[O]nce terminated, alimony cannot be restored by subsequent judicial action." *Connolly* v. *Connolly,* 191 Conn. 468, 476 n.6, 464 A.2d 837 (1983); see also *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 379, 423 A.2d 85 (1979) (court entered nominal alimony order of one dollar per year to retain power to grant appropriate alimony at a later date). In the present case, despite the majority's claim that the parties argued over an alleged ambiguity in the original decree regarding the duration of the alimony award, such ambiguity is simply not demonstrated by the record before us. The record reveals that, in her motion to modify the judgment, the plaintiff "pray[ed] that this Court reopen [the] judgment and

*extend the period during which she may receive alimony."* (Emphasis added.) It is clear from this claim for relief in the plaintiff's own motion that she did not find any ambiguity whatsoever in the original decree. Nor can the majority's position that the decree was ambiguous be supported by the transcript of the hearing on the motion to modify, since no such transcript has been supplied to us. Thus, I would conclude that the original decree unambiguously terminated the plaintiff's alimony award when she became a recipient of social security benefits prior to her application to the court to reinstate the already expired alimony order.

In addition, even if the trial court did have the authority to "modify" the expired alimony award in this case, it could not do so on the record before us. "General Statutes § 46b-86 (a) permits a court to continue, set aside or modify any final order for periodic or pendente lite alimony or support 'upon a showing of a substantial change in the circumstances of either party.' To warrant a modification, the substantial change in circumstances must have occurred subsequent to the entry of the decree and must have been uncontemplated by the parties at the rendition of the initial decree. *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976)." *Connolly* v. *Connolly,* supra, 473. No such finding was made by the court in this case.

The defendant sought clarification of the trial court's order requesting (1) that the court determine the amount of arrearage, and (2) "what 'substantial change in circumstances' had occurred since the original Judgment justifying the Court's orders." The court simply responded that there was no arrearage as of the date of the previous order and completely failed to make a finding of any "substantial change in circumstances." Without such a finding in the record, the modification cannot stand.

The only basis claimed by the plaintiff for restoring the expired award of alimony in this case was that she was "of the opinion that even with Social Security benefits she will need support from the Defendant." The plaintiff's receipt of social security benefits was not only within the declared contemplation of the parties when the original dissolution decree and limited alimony order were entered, but the award of such benefits was expressly made the event which would effectuate the termination of the plaintiff's alimony. In agreement with this, indeed the majority acknowledges that "the plaintiff's receipt of social security was a change in circumstance expressly contemplated in the original award."

The record before us does not show any substantial change in the circumstances of either party not within the contemplation of the parties at the rendition of the initial decree and order of limited alimony which might have warranted reinstatement or "modification" of the previously expired alimony order. The amount of the plaintiff's weekly social security benefits was greater than the original alimony order which she had been receiving until that time. Thus, the plaintiff cannot claim that her financial position has changed to her detriment after entitlement to social security. Upon the record before us, any resurrection of the original alimony order after its expiration would put the plaintiff in a better financial position than the original decree and award had done without any change in circumstances, substantial or otherwise, to justify such an improvement.

For these reasons I dissent.