JAMES PICCOLO ET AL. *v.* ALICE GALER WEIMANN, ADMINISTRATRIX (ESTATE OF ROBERT P. WEIMANN, JR.) (4055)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs May 1—decision released June 10, 1986

*William J. Nulsen* filed a brief for the appellant (defendant).

*William J. Cousins* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendant is appealing from the judgment rendered for the plaintiffs after a trial to a state trial referee, claiming that the judgment was unsupported by the evidence.

The court found the facts to be substantially as follows. The plaintiffs, James Piccolo and Louis Piccolo,

sometime in 1964, entered into a joint venture with the defendant's decedent, Robert P. Weimann, Jr., who was in the business of acquiring, restoring and selling works of art. The essence of the joint venture was an agreement between the plaintiffs and Weimann which provided that the plaintiffs would contribute to the financing of the purchase of works of art and share in the profits when they were sold. The proceeds would be distributed among the joint owners in accordance with the share of each in the ownership of the particular work of art being sold. This arrangement continued for many years and terminated upon Weimann's death on November 15, 1978.

The defendant, Alice G. Weimann, was made administratrix of the decedent's estate. The plaintiffs made timely claims against the decedent's estate but were not satisfied with the resolution of these claims made by the defendant. They instituted suit against the defendant claiming as damages the value of their ownership in certain specific works of art subject to the joint venture agreement. After a full trial, judgment in the amount of $12,262, plus costs, was rendered in favor of the plaintiffs. In response to the defendant's motion for further articulation, the trial referee set forth in detail his specific findings of the value of the plaintiffs' share of ownership in particular works of art. These values, when totalled, equalled the amount of the judgment.

The defendant, in substance, disagrees with the factual findings of the trial referee. On review, this court cannot and will not retry the case. We are limited to a determination of whether the decision made is legally and logically consistent and supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Brey* v. *Brey,* 1 Conn. App. 397, 399, 472 A.2d 354, cert. denied, 193 Conn. 806, 477 A.2d 659 (1984). This court will not substitute

its view of the facts for that of the trial court, nor will it reverse the decision of that court unless the decision is found to be "clearly erroneous in light of the evidence and the pleadings in the record taken as a whole." *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984).

The facts found by the trial referee are amply supported by the evidence submitted in this case and the judgment rendered by the trial court is in accordance with the law.

There is no error.