## Louise Bailey Kronholm *v.*
## Conrad John Kronholm

Superior Court      Judicial District of    File No. FA-75-197049
Hartford-New Britain at Hartford

Memorandum filed March 30, 1988

*Bruce Louden* and *Roisman & McClure,* for the plaintiff.

*Pearson, Baum & Weinstein,* for the defendant.

Freed, J. On August 30, 1977, a decree of dissolution was entered in this court, *Missal, J.,* dissolving the parties' marriage of eighteen years. Incorporated into the decree, and made a part thereof, is a nine page stipulation that sets forth in great detail the items and conditions of the defendant's alimony payments to the plaintiff. The parties have stipulated that the plaintiff has not remarried.

Paragraph 3 of the stipulation commences as follows: "As lump sum alimony, and in lieu of all other claims of alimony, the husband shall pay to the wife . . . ." Paragraphs (a), (b), and (c) thereafter provide for typical lump sum payments and are not in issue.

Paragraph 3 (d) provides as follows: "The further sum of Two Hundred Nine Thousand Six Hundred ($209,600.00) Dollars. Said payments to be made over a period of five hundred twenty-four (524) weeks, in equal weekly installments of Four Hundred ($400.00)

Dollars each. The first such installment to commence on the Monday of the first week following the entry of the decree of dissolution, and subsequent payments weekly thereafter. It is understood and agreed that in the event of the death of the wife prior to the time at which all of the aforesaid installment payments have been made, same shall terminate on the death of the wife. In the event the wife shall remarry within a period of four hundred sixteen (416) weeks following the entry of the decree of dissolution as aforesaid, the installments will continue for a period of one hundred four (104) weeks after her remarriage. In the event the wife shall remarry after the expiration of said four hundred sixteen (416) weeks husband shall complete all of the weekly installments as aforesaid.'' There is no provision precluding modification.

The plaintiff now comes before this court pursuant to a motion to modify the alimony awarded in paragraph 3 (d) of the judgment. The plaintiff claims that, although paragraph 3 is specifically entitled "as lump sum alimony and in lieu of all other claims of alimony," the alimony described in subparagraph (d) is, in fact, periodic alimony and subject to modification. The defendant asserts that this alimony is clearly lump sum and, therefore, not modifiable. He cites *Turgeon* v. *Turgeon,* 190 Conn. 269, 460 A.2d 1260 (1983).

The issue before the court, therefore, is into which category does the alimony described in paragraph 3 (d) fall.

Alimony, in gross or lump sum, is fundamentally the award of a definite sum of money. If the sum is payable in installments and the payments are to run for a definite length of time, it may also be classified as lump sum. The sum is payable in full, regardless of future events, such as the death of the obligor spouse or the remarriage of the dependent spouse. 24 Am. Jur.

2d, Divorce and Separation § 635, citing *Walters* v. *Walters,* 341 Ill. App. 561, 94 N.E.2d 726 (1949), and *Clark* v. *Clark,* 293 So. 2d 447 (Miss. 1974).

Gross alimony becomes a vested right from the date of rendition of the judgment, and the manner of its payment in no way affects its nature or effect. Generally, periodic alimony orders contemplate periodic payments of a definite sum for the indefinite future, and terminate on the death of either party or the remarriage of the dependent spouse. 24 Am. Jur. 2d, supra.

The term describing the payments does not control. Put another way, the form of award, lump sum or periodic, does not always reveal its true substance. H. Clark, Domestic Relations in the United States (1968) § 14.8, p. 450; see *Rubin* v. *Rubin,* 204 Conn. 224, 228, 527 A.2d 1184 (1987).

Connecticut courts have adopted the reasoning of the treatises and the majority of cases cited therein. In *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976), the order was for the husband to pay the mortgage installments owed on the former family residence. This order was to survive the husband's death. The court held that this alimony was not periodic since the amount owed could be accurately determined at the time of judgment.

The landmark Connecticut case, however, is *Scoville* v. *Scoville,* 179 Conn. 277, 279, 426 A.2d 271 (1979). The court described periodic alimony as "indefinite as to amount and duration." The court went on to relate periodic alimony, and its eligibility for modification, to General Statutes § 46b-86, which provides in relevant part: "(a) *Unless and to the extent* that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time . . . be modified upon a showing of a substantial change in the circumstances of either party." (Empha-

sis added.) The court stated that that statute "suggests a legislative preference favoring the modifiability of orders for periodic alimony. According to the statutory language, the decree itself must preclude modification for this relief to be unavailable." Id. The court went on to describe lump sum alimony as "a final judgment which cannot be modified even should there be a substantial change in circumstances. . . . This is true even if the lump sum alimony is a specific amount of money payable in installments." (Citations omitted.) Id., 279–80.

In *Scoville,* the order with which the court was dealing called for payment of alimony of $100 per week for a period of three years. The order was to terminate at the end of the three year period. In holding that order to be periodic and modifiable (on a showing of substantial change of circumstances), the court stated that the order simply placed a time limitation on the alimony payments if there was no intervening material change of circumstances.

Turning now to the case at bar, the court finds the following significant factors to be considered: (1) the alimony award is for a definite amount ($209,000); and (2) the amount is to be paid over a definite period (of 524 weeks) in installments of $400 per week.

If the words of the order stopped at this point, there is no doubt that the award would be classified as lump sum. See also *McGuinness* v. *McGuinness,* 185 Conn. 9, 440 A.2d 804 (1981).

The award, however, then places limitations on the payments by imposing the following conditions on them: (a) termination of payments on death of the wife; (b) if remarriage of the wife occurs within a period of 416 weeks, the payments are to continue for 104 weeks after her remarriage, but if she remarries after 416 weeks the payments will be completed.

It is the opinion of this court that the imposition of these two conditions transforms an otherwise clearly lump sum award into a periodic award. The award is indefinite as to both amount and duration. Parenthetically, it is noted that the awards under paragraphs 3 (b) and 3 (c) require full payment to be made in the event of the death of the wife by providing for payment to the surviving children.

The award having been designated as periodic, the question now becomes whether it is modifiable under General Statutes § 46b-86. Inasmuch as the decree nowhere precludes modification, § 46b-86 (a) mandates modification upon a showing of a substantial change of circumstances of either party.

For the reasons stated above, paragraph 3 (d) of the dissolution decree is declared to provide for the payment of periodic alimony and may be modified upon a showing of a substantial change of circumstances of either party.

It is interesting to note that the plaintiff's motion was filed on August 31, 1987, approximately four weeks *before* the installment payments would be completed, no contingencies having intervened. Although this court does not have to decide whether the result here would be different had the motion been filed four weeks later, suffice it to say that in the view of the Appellate Court, it would not. In *Neal* v. *Neal,* 7 Conn. App. 624, 628, 510 A.2d 210 (1986), the court simply said, "If the decree is meant to be nonmodifiable, it must contain language to that effect."

This matter is to be assigned for a hearing, at which time the plaintiff may present evidence of a substantial change of circumstances in support of her motion for modification.