[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO MODIFY ALIMONY AND SUPPORT
The plaintiff seeks, by her post judgment motion dated May 21, 1991, to modify alimony and support orders made pursuant to the final decree of dissolution and in addition, to CT Page 9404 "modify" the lack of orders of unreimbursed medical expenses and the orders involving the "IRS" exemption. The plaintiff also requests a modification of the support order of her minor son, Ryan, to compel the defendant to contribute to his private school tuition.
In order to modify any orders of support the court must find under Section 46b-86, a substantial change of circumstances of either party or a substantial deviation from the child support guidelines.
The parties agree that based on the defendants present earnings, the recommended support payment for two minor children under the guidelines in effect in May of 1991 was $265.00. The current order of support is $240.00. The defendant has already begun making support payments of $265.00 per week since August of 1991. The court will find that the final orders of support do substantially deviate from the guidelines and will grant the plaintiffs motion to modify to that extent.
In connection with the plaintiffs other requests for modification of support, the court, after considering the testimony of all of the witnesses and the financial affidavits of the parties and taking into account all of the statutory criteria, finds that the plaintiff has not proved that there has been a substantial change in circumstances to warrant a modification of the support orders on that basis, and therefore will deny the plaintiffs request for further modifications of those orders. Bilosz vs. Bilosz, 184 Conn. 90 (1981). Having found that there was no substantial change in circumstances the court need not determine whether the plaintiffs requests to "modify" orders of unreimbursed medical expenses and "IRS" exemptions are orders of periodic support and therefore subject to modification under the continuing jurisdiction provisions of46b-86.
The plaintiff also seeks to modify the support order of her minor son Ryan, because of the increased financial obligation she has incurred due to this private school tuition, which she has assumed. The court must deny this request because there was no evidence presented showing a special need or other compelling justification which is essential to warrant such a request under the ruling of Hardisty vs. Hardisty,183 Conn. 253.
Finally, the plaintiff attempts to modify the order of alimony which Judge Barnett in his final decree provided would terminate on May 31, 1991. The plaintiff argues that this order, in spite of its termination date, is modifiable because CT Page 9405 Judge Barnett made specific reference to two citations in his decision, Scoville vs. Scoville, 179 Conn. 279, 280 and Kronholm vs. Kronholm, 41 Conn. Sup. 110, 113 both of which maintain that orders similar to the instant order of alimony, may be modifiable under certain circumstances.
The court agrees with the plaintiff that the award of alimony is modifiable. The Scoville court stated that it is implicit, even in the situations where there is a termination date in orders of periodic alimony, that such orders could be modified with a showing of a material change in circumstances occurring during the time the orders were in effect. This court does not find, however, that during the relevant time period, there was a material change in circumstances that would warrant a modification. In fact, the court finds that during the applicable period the plaintiff's financial condition improved substantially with receipt of approximately $28,000.00 from her late fathers estate. In any event, the court does not find the necessary change in the financial condition of either party to justify a modification of the alimony orders as requested by the plaintiff, and therefore her motion relative to same is denied.
JOSEPH H. PELLIGRINO, JUDGE