## LUIS IRIZZARY *v.* DAISY IRIZZARY
### (10958)

DUPONT, C. J., O'CONNELL and FREEDMAN, Js.

Submitted on briefs September 15—decision released October 20, 1992

*Mark Kostecki* filed a brief for the appellant (plaintiff).

*Paul J. Yamin* filed a brief for the appellee (defendant).

PER CURIAM. We have reviewed the record and briefs in this appeal from a judgment of modification of an order of child support and hold that the decision of the trial court should be upheld.

The trial court correctly found that there had been a substantial change in circumstances due to the fact that one of two children had attained his majority. The plaintiff's argument that such modification was prohibited because the change was contemplated ignores the plain language of General Statutes § 46b-86 as amended by Public Acts 1990, No. 90-213, § 46, which provides in pertinent part that "[a]fter the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution."

The plaintiff also argues that General Statutes § 46b-215b, which creates the rebuttable presumption that the amount of child support determined by the application of the child support guidelines is the amount to be ordered, is not retroactive and therefore is not applicable to the order entered by the trial court. This argument overlooks the recent decision of our Supreme Court in *Turner* v. *Turner*, 219 Conn. 703, 718, 595 A.2d 297 (1991).

The judgment is affirmed.