[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO MODIFY(#110)
Before the court is the defendant's motion to modify unallocated alimony and child support order post lite (#110), dated October 27, 1997.
The marriage of the parties was dissolved on September 21, 1987. There were two minor children, issue of the marriage, Nicolle, born August 21, 1977 (then 10), and Craig, born August 3, 1978 (then 9).
A separation agreement of the parties was incorporated by reference into the dissolution decree. It provided that the plaintiff would have physical custody of the minor children. Also, the defendant would pay the plaintiff the sum of $4,000.00 per month as unallocated alimony and child support, and a certain percentage of the defendant's future commissions would further be paid or held in trust for the benefit of the minor children. The agreement further provided that "[t]he parties will agree to review the unallocated alimony and child support upon the first occurrence of any and each of the following events: a) Remarriage of the Wife; b) Cohabitation by the wife as set out under Connecticut Statute; c) October 1, 2003; d) upon the child Craig graduating from college; e) a change in living conditions for the child, Nicolle, from the mother's home to a residential setting agreeable to both parties." Additionally, the agreement provided that the defendant "no matter what occurs . . . will pay support for the child Nicolle until her death." (Agreement, paragraph 9). Finally, insofar as is pertinent here, the agreement provided that the defendant will provide the son with "four years of college education which would include room, board, tuition and books . . ." (Agreement, paragraph 10).
The dissolution agreement was modified by written stipulation on June 29, 1995. The modification provided that the defendant CT Page 7134 would pay to plaintiff as unallocated alimony and child support the sum of $3,150.00 per month; that said sum was non-modifiable for a period of two years "except sooner to terminate upon [the plaintiff's] remarriage or for reasons enumerated in the separation agreement dated September 21, 1987; and that the provision concerning additional payments from the defendant's commissions, was eliminated. (See stipulation, paragraphs 2, 3 
4).
At the time of the modification, each party submitted a financial affidavit. The plaintiff's affidavit disclosed that she was a music teacher employed by the town of Fairfield. Her gross earnings were $842.00 per week, and her net earnings were $562.00 per week. Her expenses were disclosed as $1,713.00 per week. The defendant's affidavit stated that he was employed in a sales position. His gross earnings were $962.00 per week, and his net earnings were $850.00 per week.
This court held a hearing on the defendant' s present motion for modification on February 19, 1998. The court finds the following facts.
The plaintiff remains employed as a music teacher with the town of Fairfield. Her gross earnings are now $945.00 per week, and her net earnings are $634.00 per week. Her weekly expenses have declined, somewhat, from $1,713.00 at the time of the 1995 modification, to $1,549.00 now. The defendant remains employed in a sales capacity, albeit with a different employer. His present gross earnings are $1,592.00 per week, net $1,327.00 per week.
At the time of the 1995 modification, the parties' son, Craig, was a high school student, sixteen years old, and living in the plaintiff's home. He is now nineteen years old, and is a full time college student. The defendant has contributed something less than $15,000.00 toward Craig's yearly educational cost.
The parties' other child, Nicolle, has Downs Syndrome. At the time of the 1995 modification, Nicolle was seventeen years old and lived in the plaintiff's home. She is now in a one year educational program, out of district, paid for by the town of Fairfield inasmuch as the town is obligated for her education and has no similar in-town program. The parties disagree as to whether Nicolle is actually in an educational program or a CT Page 7135 residential facility. The fact is, Nicolle spends most of her days and nights at this town paid facility. Since Nicolle started the program in September, 1997, she has been home for approximately sixty days through February, 1998. She is scheduled to finish the program in June, 1998, following which she will be home another twenty to thirty days. The plaintiff visits Nicolle on most weekends, and estimates her expenses exclusively for this visitation at approximately $130.00 per week. This includes transportation cost, a hotel or room cost, food, and laundry and toiletry expenses.
CGSA § 46b-86, provides that "unless and to the extent that the decree precludes modification", orders for alimony and support may be modified upon a showing of a substantial change in circumstances. The law generally disfavors provisions precluding modification, and if language in a decree is ambiguous, the court will not imply preclusion. Burns v. Burns, 41 Conn. App. 716
(1996), cert. denied, 239 Conn. 906. Also, the operative time to contrast with the present circumstances in determining whether a modification is warranted, are the circumstances that existed at the time of the most recent modification effecting the subject orders. Cersosimo v. Cersosimo, 188 Conn. 385 (1982).
This court agrees with the defendant that he is not now precluded from seeking a modification of the 1995 order. The 1995 stipulation and order expressly precluded modification of the unallocated alimony and child support "for a period of two years from this day", ie, until June 29, 1997, "except sooner to terminate upon wife's remarriage or for reasons enumerated in the separation agreement dated September 21, 1987." Therefore, the defendant was free to, as he did, seek a modification at anytime after June 29, 1997. Further, this interpretation does not subvert anything agreed upon in the original separation agreement in 1987. There, it is stated that "the parties will agree to review the unallocated alimony and child support upon the first occurrence of any and each of the followings events . . .", with a reference to certain benchmarks. Infra, p. 2 The court does not read this language as precluding a party from seeking modification prior to the actual occurrence of those same benchmarks. See Kronholm v. Kronholm, 41 Conn. Sup. 110 (1988).
This court then turns to the merits to the defendant's motion. The law is well settled that, in deciding a motion to modify such as the instant one, the court must first determine whether or not there has been a substantial change in the CT Page 7136 circumstances of either party. If there has been such a change, the court can then set a new order after considering all the factors it would have been obligated to consider at the time of the original decree. Crowley v. Crowley, 46 Conn. App. 87, 92
(1997). Also, orders for unallocated alimony and child support are severable, and adjustments may be made when circumstances require. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336, 341 (1989).
This court believes that there has been a substantial change in circumstances, and that the defendant is entitled to some relief. At the time of the 1995 modification, Nicolle, then seventeen and Craig, then sixteen both lived at home with the plaintiff. Nicolle is now twenty, and in a setting mostly outside the home, and educational and residential expenses relating to that setting are paid for by the town of Fairfield, without contribution by either party. Craig is now nineteen, and lives outside the home during the school year as a full time college student. Moreover, according to paragraph 10 of the original dissolution decree, the defendant is obliged to pay for the cost of Craig's college education. In sum, the court looks upon the situation as one in which the plaintiff has been relieved of most residential and shelter expenses relating to Nicolle and Craig, whereas the defendant is now obligated for the not insubstantial cost of Craig's college education.
It is true that the plaintiff may continue to incur expenses relating to visiting Nicolle, and sheltering and providing for her when she has concluded her stay at the out of home setting in later June, 1998. The court does not minimize those expenses, but does not feel that they outweigh the expenses of sheltering and providing for Nicolle on a full time basis. Further, the plaintiff claims continuing expenses relating to Craig. However, Craig is now emancipated and any support of him would be voluntary. Irizzary v. Irizzary, 29 Conn. App. 368 (1992). Further, as mentioned previously, it is the defendant who bears the direct cost of Craig's college education.
Given these circumstances, the court reduces the defendant's unallocated alimony and support from the previous $3,150.00 per month, to $2,650.00 per month. This order is retroactive to December 4, 1997, as agreed to by the parties. Any amount to which the defendant is entitled by way of a credit, shall be taken as a deduction from the new order at the rate of $500.00 per month until thereby satisfied. CT Page 7137
Finally, the plaintiff's motion for counsel fees to defend, uncoded, dated February 19, 1998, having been considered by the court, is denied.
So ordered By
KAVANEWSKY, J.