[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de (1) PLAINTIFF'S MOTION TO MODIFY ALIMONY. POST JUDGMENT (#158) AND (2) DEFENDANT'S MOTION TO REDUCE UNALLOCATED ALIMONY (#155)
The parties' marriage was dissolved by decree entered July 25, 1995. The defendant was ordered to pay unallocated alimony and child support of $1,200 weekly. The younger child of the parties born October 15, 1979, graduated from high school on June 18, 1998. The order stated:
 "When the child support terminates either party may move for a second look at the periodic alimony obligation."
A substantial change of circumstances occurs when the child support terminates, cf. Irizzary v. Irizzary, 29 Conn. App. 368, § 46b-86(a).
By order to show cause, the defendant moves to reduce the alimony order to one dollar per year and other relief, which was served on the plaintiff on August 5, 1998.
By motion dated August 31, 1998, served via order to show cause, the plaintiff seeks an increase in the periodic order.
The court is obliged to examine the circumstances existing at the time the order was entered and to determine if the current circumstances demonstrate a substantial change from the time of CT Page 5578 entry of the current order thus warranting a modification,Borkowski v. Borkowski, 228 Conn. 729, 738. The court, having found that a substantial change in circumstances has occurred, makes
 " . . . the same criteria that determined an initial award of alimony . . . are relevant to the question of modification."
Citations omitted, Hardisty v. Hardisty, 183 Conn. 253, at 258-59. These criteria are outlined in § 46b-82.
At the time judgment was entered the plaintiff was employed by a retail jewelry store at $7.75 hourly and a 1% commission. She also had access to joint accounts with her mother identified as,
1. John Hancock Cash Management Trust
2. Shawmut Bank
3. Central Fidelity Bank
4. First Virginia Bank.
The court concluded that the plaintiff used these accounts to:
 " . . . support a lifestyle that was beyond the defendant's financial ability."
At the time the defendant was Vice President of Entertainment for Pepsi Cola Company with a base salary of $138,370 including an auto allowance with money paid for the tax on the allowance. His bonus for 1994 was $42,480. The defendant's employer projected a small raise and a small increase in the defendant's bonus for 1995, a total gross income of $180,530. The defendant was living with a woman in Scarsdale, N.Y. splitting the household expense with her.
Currently, the defendant has been advanced to a higher level of base pay of $158,200. He also is eligible for bonus, a motor vehicle to use or in lieu $16,000 cash annual payment, options, and an executive performance awards program. He is living with his current wife sharing expenses. The court concludes that his financial circumstances have improved substantially. The court notes that the plaintiff's motion alleges a substantial change CT Page 5579 for the better in the defendant's financial circumstances. The allegation is proven.
The defendant relies upon an interpretation of the judgment's order regarding alimony which the court does not accept. The original order of unallocated alimony and child support is, in fact, all alimony. Such an order allowed the defendant to deduct the entire periodic payment on his income tax returns, e.g. Plaintiff's Exhibit #1, page 1, line 29 on his 1995 individual income tax return.
The combined net disposable income of the parties exceeded the maximum weekly amount of $1,750 of the guidelines for child support, § 46b-215a-2. The minimum presumptive level for such a situation, for one child is $327. In making the current order, the court was aware that the alimony contained the defendant's share of child support. The end of the child support obligation, by itself would entitle either party to a "second look at the periodic alimony obligation as order #4 recites. The language is not mandatory for it states "may move." If neither returned to court, the alimony order would simply continue as ordered.
Since both parties have returned to court, the current order is examined to determine if it is still appropriate.
Several statutory criteria have not changed. The length of the marriage, the causes of its breakdown, the ages, occupations, sources of income, vocational skills, employability and their estates have not changed. The needs of the defendant have not changed substantially. The plaintiff's own needs have. She has chosen to subsidize the two adult children of the marriage. Neither parent has any legal obligation to do so. However, her own needs were not entirely met by the current order, since a portion had to be devoted to child support. The elimination of child support has now created a periodic order devoted solely to alimony. The current amount is therefore found to be appropriate.
The plaintiff's motion is granted. The words "unallocated" "and child support" are deleted from order #4. The overpayment to the plaintiff shall be reimbursed to the defendant at the rate of $200.00 weekly. The wage withholding order remains in effect as modified herein.
The defendant's motion is denied. CT Page 5580
HARRIGAN, J.