[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF UNALLOCATED ALIMONY AND SUPPORT
On January 11, 2002 the marriage of the parties was dissolved. On that date the parties, both of whom were represented by counsel, signed an agreement resolving the usual issues of concern at such a juncture in their lives. Among them was a provision regarding alimony and child support which was expressed as follows:
 "the husband shall pay during his lifetime beginning January 18, 2002, to the wife during her lifetime or until her remarriage or until January 11, 2008, whichever event shall occur first, unallocated alimony and support in the amount of Eight Hundred Fort and no/100 ($840.00) Dollars per week. Said payments shall be taxable deductible to the husband and shall be included as income to the wife. Said payments shall be non-modifiable as to term and amount."
At the time the agreement was made defendant was on a voluntary leave of absence from General Electric where he was the manager of a special project. Plaintiff's testimony on this subject was that defendant had plans to leave G.E., form his own company and ultimately to reap financial rewards greatly in excess of his income from his then employer. Defendant's plan was unsuccessful, he lost his position at G.E. and is now teaching at a community college on Long Island, New York. His weekly income is now considerably less than that he received in his former employment. This turn of events has precipitated his pending motion.
The question before this court is both interesting and uncomplicated, namely, where there has been a change in the financial circumstances of an individual may a court modify a previous order concerning unallocated alimony and child support which stated that such an order was to be non-modifiable. CT Page 803
Statutory authority for the right to modify orders of alimony or support is found in Sec. 46h-86 C.G.S. which states in part as follows:
a) Unless and to the extent that the decree precludes modification
(emphasis added) any final order for the periodic payment of permanent alimony or support may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party.
Historically, our courts have been reluctant to enforce a restriction prohibiting modification of an alimony award and have consistently adopted certain requirements which must be met before enforcement of such a provision is entertained. While there are a number of cases wherein our Supreme Court has ruled on this issue (see Scoville v. Scoville,179 Conn. 277 (1979); Easton v. Easton, 172 Conn. 451 (1977), for brief concise rulings on this subject this court cites Vandal v. Vandal,31 Conn. App. 561, 563-4 (1993) wherein our Appellate Court stated:
 "General Statutes § 46b-86 (a) clearly permits the trial court to make periodic awards of alimony non-modifiable. Provisions for nonmodification are generally not favored, but to be upheld they must be clear and unambiguous. Calorossi v. Calorossi, 4 Conn. App. 165, 168, 493 A.2d 259 (1985); Bronson v. Bronson, 1 Conn. App. 337, 339, 471 A.2d 977
(1984). `If the decree is meant to be non-modifiable, it must contain language to that effect. Cummock v. Cummock, 180 Conn. 218, 222-23, 429 A.2d 474 (1980); Lilley v. Lilley, 6 Conn. App. 253, 256, 504 A.2d 563
(1986).' Neal v. Neal, 7 Conn. App. 624, 625, 510 A.2d 210
(1986)." Lawler v. Lawler, 16 Conn. App. 193, 203, 547 A.2d 89 (1988), appeal dismissed, 212 Conn. 117, 561 A.2d 128 (1989).
Directing its attention again to the question of modification, this court considers that nothing could be more clear or less ambiguous then the simple statement "said payments shall be non-modifiable as to term and amount." There is here no room for doubt, conjecture or argument. Further there is an uneasy feeling that it would be inequitable for defendant to reap the benefits of this agreement/order if his plans for his own company had been successful and to permit him to change the rules when they were not.
For all of the above reasons, defendant's motion for modification of the unallocated alimony/support order is denied.
BY THE COURT
 John D. Brennan Judge Trial Referee CT Page 804
[EDITORS' NOTE: This page is blank.] CT Page 805