[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 8, 1997
The parties' marriage was dissolved by judgment entered September 10, 1986 after an uncontested hearing. Their separation agreement dated September 10, 1986 was ordered incorporated in the decree by reference, pursuant to § 46b-66, Connecticut General Statutes.
The defendant, referred to as "Husband" in the agreement, has moved to modify the periodic alimony order alleging that the plaintiff has been living with another person, relying on §46b-86 (b) C.G.S.
The agreement states:
ALIMONY
 2.1 The Husband shall pay to the Wife as alimony the base payment of Nine Hundred Twenty-Three and 08/100 (923.08) Dollars every two weeks commencing September 19, 1986 through and including May 2, 2001, such payments to be adjusted in accordance with Paragraph 2.2 herein. Alimony payments to the Wife shall be made until the first to occur of the actual remarriage of the Wife, the death of the Wife, the death of the Husband or May 2, 2001, at which time alimony shall terminate. The alimony payments to the Wife shall be made on the Friday of every other week, in advance and not in arrears, without set-off or deduction. The Wife shall pay no alimony to the Husband. All provisions relating to the length and amounts of alimony payments set forth herein shall be non-modifiable for any reason whatsoever, except for the conditions specifically set forth in this Article.
The defendant relies on the term "actual marriage" as not precluding modification upon plaintiffs cohabitation. He then cites Vandal v. Vandal, 31 Conn. App. 561, 564 (1993) where the clause ". . . and it shall not terminate upon plaintiff's remarriage or cohabitation . . ." was clear and unambiguous. CT Page 12511
First, this court notes that the word "cohabitation" does not appear in § 46b-86 (b) C.G.S. Second, the Vandal court did not explicitly reference § 46b-86 (b) C.G.S. The Vandal trial court did say that:
 . . . and there is no reason that she should not go on with her life, have new relationships . . .
The defendant urges this court to find ambiguity in the sentence:
 All provisions relating to the length and amounts
of alimony payments set forth herein shall be non-modifiable for any reason whatsoever, except for the conditions specifically set forth in this Article.
The court cannot find ambiguity where none exists. The term "actual marriage" infers that all other living arrangements are excluded.
This court finds the decree itself precludes modification based on § 46b-86 (b) C.G.S., Rau v. Rau, 37 Conn. App. 209,211 (1995).
The plaintiffs motion to dismiss is granted.
HARRIGAN, J.