[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'SMOTION FOR MODIFICATION DATED DECEMBER 21, 1993
The plaintiff ("husband") alleges a substantial reduction in income from his current earnings including overtime pay since the date the original orders for alimony and child CT Page 5451 support were entered by this court (Driscoll, J., Memorandum of Decision dated October 19, 1993). The plaintiff was ordered to pay the defendant ("wife") total periodic alimony of $262.25 a week ($125.00 plus $137.25 for housing expenses) and weekly child support of $387 for his two minor children, ages 10 and 13, for a total of $649.25 a week.
The court is required to examine the financial and other relevant changes in the circumstances of both parties from the date of the original orders to April 28, 1994, the date this motion was heard, a period of about six months. Borkowski v.Borkowski, 288 Conn. 729, 733 (1994). The plaintiff must prove a substantial change in circumstances of either party for modification of alimony and child support. Section 46b-86 (a) of the General Statutes.
By way of background, the original orders referred to the husband's earnings in 1992, found evidence of unreported cash of several hundred dollars and that he had additional earning capacity. The husband is a printer, and in 1992 he earned $66,555 with Colonial Lithograph (his primary job) and $16,404 with American Graphics (his second job) for total gross earnings of $82,959.
The wife claimed his gross earnings were $64,300 in 1993 and a net of $909 a week, according to the child support guidelines. The husband claimed his net weekly income was $583 a week (child support of $261) or at most, $746 (child support of $334 a week). The court accepted the wife's computation and ordered $387 in child support. (See Memorandum of Decision, Driscoll, J., p. 5) based on a net weekly income of $909.
At the time of the original order, the wife was earning a net weekly income of $50 a week working part time. According to her current financial affidavit, she presently earns $111.78 a week as a part time clerk in a bookstore earning $5 an hour. She has lived in the same marital home with the minor children during these past six months and the living expenses are about the same.
The court has reviewed the husband's current financial affidavit and finds his net current weekly income from employment is $737. This finding is based on his weekly average wages for the past four months in 1994 and 1993, including overtime. His net weekly wage from March 24 to April 21, 1994, the past month, has been further reduced to $633 (plaintiff's exhibit A). The CT Page 5452 employer's office manager testified that ten employees were recently discharged because business is so bad. The company is now borrowing to meet expenses. The firm's largest client (it provided 40 percent of the business) has been lost. There will be no overtime for printers, and the husband will be lucky to work his regular 35 hour week.
The wife is now 42 years old, a high school graduate and in good health. The two minor children are now 15 and 12 years old and attending school. Although the wife has increased her net weekly wages from $50 to $112, she should be able to earn more than $5 an hour by finding a better and higher paying job.
Under the original order, the husband must pay to the wife $649.25 a week, leaving him with $87.75 to live. The court realizes that both parties find it difficult to live on their available earned income. On their financial affidavits, her expenses exceed income by $136 a week, his by $223 a week. The wife has doubled her earnings from $50 to $112 a week and has a substantially higher earning capacity. The court finds that the husband has had a substantial reduction in his net weekly earnings from $909 to $737, from the date the original orders were entered. The husband's reduced income and the wife's increased earnings represent substantial changes in circumstances that are grounds for reduction in the amount of alimony and child support. Lilleyv. Lilley, 6 Conn. App. 253 (1986).
The motion for modification is granted as follows:
(a) The following order shall be considered as unallocated alimony and support in order to allow the husband a deduction for federal income tax purposes. Beginning June 1, 1994, the husband shall pay the wife $333 a week in child support and $167 a week in alimony (which includes the housing expense) for a total obligation of $500 a week.
(b) The husband conceded an arrearage because he was unable to pay the original orders. He owed a total of $16,880.50 from the date of judgment to April 23, 1994 and paid $12,545.25, which left an arrearage of $4,335.25. The court believes the husband paid as much as he could and grants the modification order retroactively to December 27, 1993, the date this motion was served. The husband shall pay the arrearage of $454.75 to the wife in weekly payments of $25 each beginning June 1, 1994. CT Page 5453
(c) All previous orders in the judgment of dissolution shall remain in effect.
ROMEO G. PETRONI, JUDGE