MARGARET M. RAU *v.* ROBERT J. RAU, JR.
(13006)

LAVERY, HEIMAN and HENNESSY, Js.

---

Argued January 10—decision released March 14, 1995

*Gerard I. Adelman,* with whom was *James B. Streeto,* for the appellant (plaintiff).

*Joseph J. Shainess,* for the appellee (defendant).

LAVERY, J. The plaintiff appeals from the trial court's denial of her motion for modification of alimony. The controlling issue is whether an alimony award that stated that "said order of alimony is to terminate after the ninety-six (96) payments are made" is nonmodifiable during the ninety-six week period when the word nonmodifiable is not used in the original award. The trial court found the award to be nonmodifiable, we disagree and reverse the trial court's judgment.

The marriage of the plaintiff and the defendant was dissolved on October 30, 1991. The award of alimony to the plaintiff was set forth as follows: "[T]he Defendant shall pay to the plaintiff the sum of $300 per week as periodic alimony for twenty-four (24) consecutive weeks; thereafter for the next twenty-four (24) consecutive weeks, said sum is to be reduced to $200 per week; thereafter for the next period of twenty-four (24) consecutive weeks, said sum is to be reduced to $150, and thereafter for the next period of twenty-four (24) consecutive weeks, said sum is to be reduced to $100 per

week for a total period of ninety-six (96) weeks. Said order of periodic alimony is to terminate after the ninety-six (96) payments are made."

On August 11, 1993, within the time period in which alimony payments were required to be made, the plaintiff filed a motion to modify the alimony award. In her motion, she alleged a change of circumstances that she claimed justified an additional 208 weeks at $300 per week.

The same trial court that heard the original dissolution denied the motion to modify. That court stated that "there was no explicit language in this [original] order that the alimony was to terminate as to the amount and time after ninety-six weeks. However, the court has a clear recollection that it intended that this periodic alimony be nonmodifiable as to time or amount."

General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time thereafter be . . . modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." Section 46b-86 thus provides for continuing jurisdiction over alimony awards, absent a provision in the decree to the contrary. *Barnard* v. *Barnard*, 214 Conn. 99, 117 n.7, 570 A.2d 690 (1990) ("General Statutes § 46b-86 [a] proscribes modification '[u]nless and to the extent that the decree precludes modification' ").

This statutory provision "suggests a legislative preference favoring the modifiability of orders for periodic alimony . . . [and requires that] the decree itself must preclude modification for this relief to be unavailable." *Scoville* v. *Scoville*, 179 Conn. 277, 279, 426 A.2d 271 (1979). If an order for periodic alimony is meant to be nonmodifiable, the decree must contain language to that effect. *Cummock* v. *Cummock,* 180 Conn. 218,

222–23, 429 A.2d 474 (1980); *Neal* v. *Neal,* 7 Conn. App. 624, 625, 510 A.2d 210 (1986). Such a preclusion of modification must be clear and unambiguous. *McGuinness* v. *McGuinness,* 185 Conn. 7, 9, 440 A.2d 804 (1981); *Lilley* v. *Lilley,* 6 Conn. App. 253, 255, 504 A.2d 563, cert. denied, 200 Conn. 801, 509 A.2d 216 (1986). If a provision purportedly precluding modification is ambiguous, the order will be held to be modifiable. *Bronson* v. *Bronson,* 1 Conn. App. 337, 339, 471 A.2d 977 (1984), citing *Cummock* v. *Cummock,* supra, 222–23.

In determining whether the alimony award is modifiable or nonmodifiable, only the dissolution decree itself may be used. *Lilley* v. *Lilley,* supra, 6 Conn. App. 256. In *Lilley,* the plaintiff moved for the modification of the alimony award. The trial court denied the motion for modification, asserting that the original degree was nonmodifiable. We reversed, noting that the judgment of dissolution was silent as to the modifiability of its order for periodic alimony. Consequently, the trial court's action in searching for the parties' intent was improper. We noted that the court "may look only to the dissolution decree itself when determining whether its provision for periodic alimony is modifiable. In the absence of an express, unambiguous statement in the decree precluding modification, § 46b-86 (a) permits the modification of an order for periodic alimony . . . ." Id.

In this case, the original dissolution decree contains no language regarding the modifiability of the alimony order. The trial court and the defendant rely on the language in the original decree that "alimony is to terminate after the ninety-six (96) payments are made."

The Supreme Court addressed an order containing identical language in *Scoville* v. *Scoville,* supra, 179 Conn. 277. The decree in *Scoville* awarded alimony of

$100 per month for three years. It went on to state that "[a]t the end of the three year period, the payment order of alimony shall terminate." The plaintiff subsequently filed a motion for modification, which was denied. The issue of whether there was a proper showing of a substantial change in circumstances was not reached by the trial court because it held the award nonmodifiable. This is precisely the situation in the present case.

The Supreme Court held "[w]e are confronted here with an ambiguous order regarding alimony. This court has treated as modifiable alimony orders with similar ambiguities." *Scoville* v. *Scoville*, supra, 179 Conn. 280. The *Scoville* court went on to conclude: "[I]n that part of the instant order stating '[a]t the end of the three year period, the payment order of alimony shall terminate,' it is implicit that during that period there be no intervening material change in circumstances warranting modification. . . . The trial court should have reached and decided the issue of whether there was a substantial change in circumstances justifying modification of the alimony order." Id. This case is controlled by *Scoville*.

The judgment is reversed and the case is remanded for a new hearing on the plaintiff's motion to modify.

In this opinion the other judges concurred.