[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 43, whose birth name is Hayes, and the defendant husband, 46, married on September 20, 1980 in Stamford, Connecticut. The plaintiff has resided continuously in Connecticut for several years immediately preceding the filing of this action which was returned to July 11, 1995. There are two minor children issue of their marriage: John W. Jr. born October 11, 1984 and Morgan K. born July 11, 1986. No other child has been born to the plaintiff since the marriage. The state has never advanced assistance to the parties. The marriage has broken down irretrievably. All of the allegations of the plaintiff's complaint are proven.
The parties agree that they shall have joint legal custody of their two children, physical custody (i.e. principal residence) shall be with the plaintiff and reasonable visitation rights given to the defendant.
The plaintiff obtained a B.A. degree in 1976, a B.S. in nursing the following year and a master's degree in 1992. When married, the plaintiff had been working for White Plains Hospital for five years as a recruiter earning $31,000.00 annually. She left employment ten days before delivering the older child. Although engaged in several part-time activities in the interim, including substantial teaching in 1992 and 1994, it was in April, 1994 when the plaintiff resumed full time employment as an instructor for the State of Connecticut Practical Nurse Education Program, starting with $32,500.00 base pay. She has a provisional certification for three years, and is currently in the second year. She will have a vested pension after ten years of continuous employment. She is currently in step five of group 1 for full time teachers, earning $35,757.00 annually or $685.00 weekly gross and $438.00 net, (cf. Plaintiff's Exhibits #3 and #4).
The defendant received a B.S. degree in electrical engineering and an M.S. degree in accounting. He holds a N.Y. State C.P.A. license. His initial position with a large accounting firm required considerable travel. He then joined Amex to eliminate the rigors of travel. He currently is employed by Staveley, Inc., in Norwalk as manager of financial services earning $87,740.00 CT Page 5592 annually gross and $5,000.00 monthly net of taxes but prior to $516.54 deducted to repay a 401(k) loan. He is also furnished a leased auto which his employer values at $7,314.00 annually and which is considered to be additional income to the defendant.
The defendant's net weekly income is $1,163.00 plus the auto provided which is an additional $140.00 weekly. The defendant's net weekly disposable income is also augmented by a bonus averaging $80.00 weekly net. The combined weekly net incomes total $1,821.00, placing the total above the maximum to which the child support guidelines are mandatory. However, the presumptive amount of child support of $480.00 — total for two children is apportioned with 76% assigned to the defendant so he shall pay $365.00 weekly.
Marriage difficulties began after the birth of their younger child. The plaintiff described a weight gain of 60 pounds. The defendant complained of rejection. Intimacy was the ultimate victim when sexual activity stopped. Their relationship became physically abusive in 1992. After one episode they were both arrested. The charges were dismissed on their representations that they both were receiving counselling. Another episode occurred in 1993 when the defendant struck the plaintiff. The defendant was arrested and was released on condition that he spend the night at a hotel. Many of their arguments grew from the handling of the family finances.
The parties' final separation occurred on December 1, 1995 when they agreed the defendant would move out. References to a divorce had occurred for at least the prior year. The plaintiff had concluded in 1992 that their marriage was over. The court concludes that both parties bear equal responsibility for the marriage breakdown.
The defendant was advised on or about April 21, 1997 that the U.S.A. branch of his employer's business was to be sold. The defendant is now uncertain of his future. However, the court will decide the case based on the present set of circumstances.
The parties acquired their home located at 77 Dulan Drive, Stamford in 1981 for $156,000.00. It now has a fair market value of $350,000.00 and is subject to a first mortgage of $79,230.00 and a second of $15,000.00 according to the plaintiff and $10,150 according to the defendant. The equity is approximately $257,000.00 The plaintiff seeks to retain the property including the entire equity. CT Page 5593
The defendant has 401(k) accounts and an IRA totaling $198,500.00 less the $25,000.00 loan taken by defendant from the Staveley, Inc. 401(k) account. The plaintiff claims a 50% interest in these various deferred compensation items of the defendant. Both parties seek a division of these deferred accounts.
The court has concluded that it would be inequitable to allow the plaintiff to retain the marital home even if the defendant was permitted to retain the deferred compensation accounts because of the tax and penalty due if the defendant cashed one or more.
The defendant has the greater earning capacity and the greater opportunity to acquire assets in the future. Both parties are in generally good health.
Having considered the evidence in light of the applicable statutes and relevant case law, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried.
2. The parties are awarded joint legal custody with physical custody with the plaintiff and reasonable visitation to the defendant.
3. The defendant shall pay to the plaintiff, as child support, the sum of $365.00 weekly.
4. The defendant shall continue to carry the children on all medical insurance coverages available through his employer. The parties shall pay any uninsured portion of any bills incurred for health care of the children in equal shares. The provisions of § 46b-84 (d) shall apply.
5. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $200.00 per week, until either party's death, the plaintiff's remarriage, further court order including an order pursuant to § 46b-86 (b), or June 30, 2004, the time limit to be non-modifiable under any conditions or any change of circumstances (cf.Rau v. Rau, 37 Conn. App. 209).
6. The real estate known as 77 Dulan Drive, Stamford is CT Page 5594 ordered sold. The parties shall attempt to agree on a broker, a price and terms but either party may motion the court for further articulation of this order until the sale is consummated. The net proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
7. The 401(k) accounts, the plaintiff's IRA not listed on her affidavit, and the defendant's IRA shall be totaled as of the day of entry of judgment and each account shall be divided equally, if the parties cannot agree on a reallocation which will bring about the same result. The court retains jurisdiction to sign any necessary QDRO's. Counsel for the defendant is directed to draft same.
8. The plaintiff shall retain as her sole property the present contents of the marital home. The defendant shall retain the items removed from the home that are now in his possession as his sole property.
9. The parties shall otherwise retain their remaining assets as their sole property respectively.
10. The parties shall be solely responsible for the debts listed on the respective financial affidavits filed on April 22, 1997.
11. A contingent wage withholding order is entered.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.