## SHERYL SHEEHAN v. ALAN BALASIC
### (AC 16281)

Dupont, C. J., and Heiman and Spear, Js.

---

Submitted on briefs May 5—officially released August 19, 1997

*David Battat* filed a brief for the appellant (defendant).

*Gloria L. Kelly* filed a brief for the appellee (plaintiff).

*Opinion*

SPEAR, J. The plaintiff appeals from the judgment of the trial court terminating a periodic alimony award before its twenty-four month term expired. She claims that the trial court improperly terminated the award because the term was nonmodifiable. As an alternative ground for affirming the judgment, the defendant claims that, while a nonmodification clause precludes modification of an alimony award pursuant to General Statutes § 46b-86 (a),[1] such a clause does not preclude a modifi-

---

[1] General Statutes § 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.

cation pursuant to § 46b-86 (b).[2] We reverse the judgment of the trial court.

The following facts are relevant to our disposition of this appeal. The parties' marriage was dissolved on June 14, 1995. On September 12, 1995, the court rendered a supplemental judgment that ordered the defendant to pay unallocated alimony and child support in the amount of $4000 per month. The order provided that "the Defendant's obligation to pay said periodic alimony

There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. Modification may be made of such support order without regard to whether the order was issued before, on or after May 9, 1991. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

[2] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

to the Plaintiff shall continue for twenty-four (24) months, nonmodifiable as to amount, except for the death of either party. Thereafter, the alimony award shall be subject to modification or termination upon the death of either party, the Plaintiff's remarriage, or further court order, pursuant to Connecticut General Statutes § 46b-86 (b)."

During or after the proceedings, the plaintiff began cohabiting with a man, and on April 29, 1996, she remarried. On April 18, 1996, the defendant moved to terminate the alimony award pursuant to § 46b-86 (b). The trial court concluded that although the amount of the alimony award was nonmodifiable, the twenty-four month period was subject to termination. The court granted the motion[3] and this appeal followed.

I

We will address first the defendant's claim that the preclusionary language of § 46b-86 (a) does not control a trial court's discretion to modify a periodic alimony award pursuant to § 46b-86 (b).

Section 46b-86 (a) provides in relevant part: *"Unless and to the extent that the decree precludes modification,* any final order for the periodic payment of permanent alimony . . . may at any time thereafter be . . . modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."* (Emphasis added.) This statute clearly permits a trial court to make periodic awards of alimony nonmodifiable. *Burns* v. *Burns,* 41 Conn. App. 716, 724, 677 A.2d 971, cert. denied, 239 Conn. 906, 682 A.2d 997 (1996).

---

[3] In her brief, the plaintiff claims that the trial court terminated both child support and alimony. Our review of the record, however, reveals that the court terminated only the alimony portion of the unallocated award. Because we reverse the judgment, it in not necessary for us to consider whether the trial court properly terminated the alimony portion of the award without first allocating the amount of child support.

It is well established by our case law that "the trial court, as a part of its right to award nonmodifiable alimony and its equitable powers, has the legal authority to order alimony that does not terminate even in the event of remarriage or cohabitation." Id., 725; see also *Vandal* v. *Vandal*, 31 Conn. App. 561, 563–64, 626 A.2d 784 (1993).

The defendant cites *Connolly* v. *Connolly*, 191 Conn. 468, 464 A.2d 837 (1983), for the proposition that § 46b-86 (b) is an independent basis for modification of an alimony award and a trial court may modify an alimony award based on this section, regardless of whether the original judgment is nonmodifiable. His reliance on *Connolly*, however, is misplaced. In *Connolly*, the plaintiff moved, pursuant to § 46b-86 (a), to modify child support and alimony awards. After a hearing, the trial court ordered the child support award to be increased, but terminated the award of periodic alimony, citing § 46b-86 (b), because the plaintiff was cohabiting with a member of the opposite sex. On appeal, the plaintiff claimed that, without written notice that grounds for termination pursuant to § 46b-86 (b) would be before the court, the court was without authority to terminate the alimony award on that ground. In concluding that the notice issued in that case was insufficient, our Supreme Court held that "General Statutes § 46b-86 (b) is a separate and independent statutory basis for the modification of alimony . . . which must be raised in a written motion by the party seeking to modify the award of periodic alimony." Id., 478. The Supreme Court did not hold that nonmodifiable awards may be modified pursuant to § 46b-86 (b).

II

The plaintiff claims that the trial court improperly terminated the alimony award because the order clearly

and unambiguously stated that the award was nonmodifiable for a period of twenty-four months. The defendant concedes that the amount was nonmodifiable; he argues, however, that the term of the award was modifiable, and, as such, the termination was proper.

"The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment." (Internal quotation marks omitted.) *Emerick* v. *Emerick*, 28 Conn. App. 794, 806, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992). " 'The judgment should admit of a consistent construction as a whole.' " *Lashgari* v. *Lashgari*, 197 Conn. 189, 197, 496 A.2d 491 (1985).

It is true that provisions for nonmodification are generally not favored and are upheld only if they are clear and unambiguous. If an award is intended to be nonmodifiable, it must contain express language to that effect. *Burns* v. *Burns*, supra, 41 Conn. App. 724. There is no given set of words that must be used to preclude modification; an order is nonmodifiable if the decree distinctly and unambiguously expresses that it is. *Lilley* v. *Lilley*, 6 Conn. App. 253, 255, 504 A.2d 563, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). In making this determination, we look only at the dissolution decree itself. *Rau* v. *Rau*, 37 Conn. App. 209, 211, 655 A.2d 800 (1995). We conclude that the order is nonmodifiable as to term and amount and that the decree unambiguously expresses that fact.

The trial court granted the defendant's motion to terminate alimony because it found that, while the amount of the award was nonmodifiable, the term was subject to modification or termination. In its memorandum of decision, the trial court stated that "[d]uring

the twenty-four months, it is implicit that during that period there be no intervening material change in circumstances warranting modification. *Scoville* v. *Scoville*, [179 Conn. 277, 280, 426 A.2d 271 (1979)]. To interpret the order [as making the term nonmodifiable] would make the phrase 'as to amount' superfluous." We disagree with the trial court's interpretation.[4]

First, construing the term as nonmodifiable does not render the phrase "as to amount" superfluous. A reasonable meaning can be ascribed to that phrase because there could be a modification with respect to the *form* of the alimony order without changing the amount. For example, the alimony portion of the award could be allocated and made a separate order or the timing of the payments could be changed by making them weekly or semimonthly. We do not view "as to amount" as a limiting phrase. We read the phrase in conjunction with the sentence that follows: "Thereafter, the alimony award shall be subject to modification or termination" for a number of reasons, including the plaintiff's remarriage. The court's use of the word "thereafter" clearly modifies the phrase "twenty-four month period" and indicates that the award was nonmodifiable for that time period. To conclude otherwise would be to render this last sentence of the order meaningless.

Moreover, this case is unlike those where the order is silent as to modifiability. See, e.g., *Scoville* v. *Scoville*,

---

[4] It is a fact of appellate life that appellate courts are frequently called upon to interpret, as a matter of law, judgments and orders written and initially interpreted by trial courts. The fact that the same court that drafted the order interpreted the order does not preclude us from interpreting the order differently. Because the construction of a judgment is a matter of law, subject to de novo appellate review, we have held that "[o]ur inquiry in interpreting the meaning of judgments is limited to that which is either expressed or implied clearly. . . . [T]he testimony of the judge who presided over the dissolution proceedings regarding his intent in entering the orders could not be considered in construing the dissolution judgment, and [the trial court] properly excluded that testimony on this point." (Citations omitted.) *Emerick* v. *Emerick*, supra, 28 Conn. App. 806.

supra, 179 Conn. 205; *Rau* v. *Rau*, supra, 37 Conn. App. 209; *Lilley* v. *Lilley*, supra, 6 Conn. App. 253. Here, the order clearly stated that the amount of the award could not be modified, except for the death of either party, for a period of twenty-four months. The trial court's order was improper either as a modification of the amount to zero or as a reduction of the term from twenty-four months to slightly less than eleven months.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to terminate alimony.

In this opinion DUPONT, C. J., concurred.

HEIMAN, J., concurring in part and dissenting in part. While I agree with the majority's resolution of the defendant's claim in part I of the opinion, I disagree with the majority's resolution in part II and its consequent reversal of the judgment of the trial court and its remand of this case to the trial court with direction to deny the defendant's motion to terminate alimony. Because I believe the result reached by the majority to be incorrect, I respectfully dissent.

In this case, the defendant's motion to terminate alimony was assigned for hearing before *Harrigan, J.*, the same trial judge who had entered the order less than one year before and was, therefore, called upon to interpret the terms of the judgment that he himself had rendered. Thus, we should give great deference to his interpretation of his own order, and reverse his decision only if he could not have reasonably concluded as he did. "[I]t is within the equitable powers of the trial court to fashion whatever orders [are] required to protect the integrity of [its original] judgment. *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 670, 594 A.2d 958 (1991), quoting *Connecticut Pharmaceutical Assn., Inc.* v. *Milano*, 191 Conn. 555, 563–64, 468 A.2d 1230 (1983)

. . . . *Roberts* v. *Roberts,* [32 Conn. App. 465, 471, 629 A.2d 1160 (1993)]." (Internal quotation marks omitted.) *Clement* v. *Clement,* 34 Conn. App. 641, 646, 643 A.2d 874 (1994).[1]

"General Statutes § 46b-86 (a) provides that [u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time thereafter be . . . modified by said court upon a showing of a substantial change in the circumstances of either party. This statutory provision suggests a legislative preference favoring the modifiability of orders for periodic alimony . . . [and requires that] the decree itself must preclude modification for this relief to be unavailable." (Internal quotation marks omitted.) *Lilley* v. *Lilley,* 6 Conn. App. 253, 255, 504 A.2d 563, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). "Such a preclusion of modification must be clear and unambiguous. . . . If a provision purportedly precluding modification is ambiguous, the order will be held to be modifiable." (Citations omitted.) *Rau* v. *Rau,* 37 Conn. App. 209, 212, 655 A.2d 800 (1995).

I believe that the modification provision at issue here is ambiguous, and it must therefore be construed as modifiable. Id. In its opinion, the majority first concludes that the language "nonmodifiable as to amount" means that the alimony award is nonmodifiable as to

---

[1] In footnote 4 of its opinion, the majority cites *Emerick* v. *Emerick,* 28 Conn. App. 794, 806, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992), for two propositions. First, "[o]ur inquiry in interpreting the meaning of judgments is limited to that which is either expressed or implied clearly." Id. Second, "the testimony of the judge who presided over the dissolution proceedings regarding his intent in entering the orders could not be considered in construing the dissolution judgment . . . ." Id. We would only point out that the language of this alimony award was anything but clearly expressed. Moreover, we have not considered the testimony of Judge Harrigan regarding his intent in entering and later interpreting this alimony award, but rather examine the language of his order and grant him a degree of deference in his interpretation of his own alimony order.

both amount and term, while remaining modifiable as to form. The majority also concludes that the phrase "as to amount" is not a limiting phrase and when the term "nonmodifiable as to amount" is read in conjunction with the sentence that follows,[2] the whole creates an order of alimony that is nonmodifiable for a period of twenty-four months. Finally, the majority concludes that whether the trial court's termination of the award constituted a modification of the amount of the award to zero, or a reduction of the term of the award, either trial court action violated the nonmodification provision.

I find the reasoning of the majority to be confusing. I find it unclear whether the majority reads the provision to state that only the amount of alimony is nonmodifiable for twenty-four months, that both the amount and term are nonmodifiable, or that the entire award is nonmodifiable for twenty-four months. Because the majority itself appears to be somewhat tentative in determining what exactly is nonmodifiable, it seems to me safe to say that the order is not clear and unambiguous on its face.

While there is no given set of words that must be used to preclude modification; see *Lilley* v. *Lilley*, supra, 6 Conn. App. 255; a provision that states that the alimony order is "nonmodifiable," or "nonmodifiable as to amount and duration" is much clearer, more definite and less ambiguous than the order here at issue. See *Vandal* v. *Vandal*, 31 Conn. App. 561, 563–66, 626 A.2d 784 (1993); see also *Brash* v. *Brash*, 20 Conn. App. 609, 611, 569 A.2d 44 (1990); *Breen* v. *Breen*, 18 Conn. App. 166, 168, 557 A.2d 140 (1989).

---

[2] The periodic alimony order provides that "the Defendant's obligation to pay said periodic alimony to the Plaintiff shall continue for twenty-four (24) months, nonmodifiable as to amount, except for the death of either party. Thereafter, the alimony award shall be subject to modification or termination upon the death of either party, the Plaintiff's remarriage, or further court order, pursuant to Connecticut General Statutes § 46b-86 (b)."

As the majority, perhaps inadvertently, points out, the phrase "nonmodifiable as to amount" leaves open to conjecture whether the alimony award is nonmodifiable as a whole, is nonmodifiable as to amount and duration but not as to form, or is nonmodifiable only as to amount while remaining modifiable as to duration, term and form. Thus, the phrase itself demonstrates the inherent ambiguity that it contains. Even if the last alternative interpretation is correct, the delineation between what court actions affect the "duration or term" of the periodic alimony award and what actions affect the "amount" of the alimony award is often a blurred and fluid distinction. For example, here, termination of the alimony award could reasonably be characterized either as a modification of the amount of the award to zero; see *In re Marriage of Harris*, 65 Cal. App. 3d 143, 151–52, 134 Cal. Rptr. 891 (1976); see also *In re Marriage of Bennett*, 144 Cal. App. 3d 1022, 1025, 193 Cal. Rptr. 113 (1983); *In re Marriage of Sasson*, 129 Cal. App. 3d 140, 150 n.4, 180 Cal. Rptr. 815 (1982); or as a modification of the duration of the award from twenty-four months to slightly under eleven months. The first characterization would create an unacceptable modification under the terms of the order, while the second would create a permissible modification of the order.

For the foregoing reasons, I believe that the nonmodification provision is ambiguous and, accordingly, an alimony order that contains an ambiguous nonmodification provision must be treated as an order that is modifiable. See *McGuinness* v. *McGuinness*, 185 Conn. 7, 9, 440 A.2d 804 (1981); *Scoville* v. *Scoville*, 179 Conn. 277, 280, 426 A.2d 271 (1979); *Rau* v. *Rau*, supra, 37 Conn. App. 212; *Lilley* v. *Lilley*, supra, 6 Conn. App. 255–56. I believe that the alimony order was modifiable and that the trial court properly granted the defendant's motion to terminate the order of periodic alimony. I would affirm the judgment of the trial court.