[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: POST-JUDGMENT MOTION #127 TO MODIFY
The defendant has moved to modify the judgment of the court, Cohen, J.T.R., September 27, 1996, as to alimony. The judgment provided that the defendant husband pay alimony at the rate of One Hundred ($100.00) Dollars per week for a period of twelve (12) years, which alimony was non-modifiable as to term and amount. The judgment also provided that alimony would terminate upon the wife's death or remarriage.
The defendant claims that the statutory provision of C.G.S. Sec. 46b-860(b) is a separate and independent statutory basis for the modification of alimony, and that the cohabitation of the plaintiff wife is a fact that may be considered by the court in determining her needs, regardless of the terms of their contract which is the judgment of the court. (Citing Connolly v. Connolly,191 Conn. 468, 478 (1983).) Furthermore, the defendant claims that the judgment is silent on the issue of cohabitation, and that the agreement must specifically negate the effects of the statute for it not to apply. Vandal v. Vandal, 31 Conn. App. 561 (1993). CT Page 13870
The plaintiff claims that the judgment precludes modification, and that the statute does not override the unambiguous language of the agreement. The plaintiff claims that the language of the agreement, which became the judgment, is clear and unambiguous. The alimony was for a set term and a set amount. Only remarriage and death would cause the termination of alimony. The plaintiff cites the case of Sheehan v. Balasic,46 Conn. App. 327, 332 (1997), cert. granted 243 Conn. 945 (1997), appeal dismissed, 245 Conn. 148 (1998). The court finds theSheehan case, supra, to be controlling. The language of the agreement is unambiguous as to the conditions for termination of alimony, and cohabitation is not one of those grounds. The intent of the parties is not considered, but rather the terms of the contract itself.
The Sheehan court specifically rejected the argument that the limiting language of C.G.S. Sec. 46b-86(a) did not apply to subsection (b) of the statute. The payment of alimony, if clearly and unambiguously nonmodifiable, cannot be modified by the statute. The contract between the parties controls. The Supreme Court has dismissed the appeal.
This court finds that the words of the judgment are clear and unambiguous, and that alimony is to be terminated only upon the death, remarriage, or expiration of twelve years. The defendant's motion to modify is denied.
DRANGINIS, J.