JOAN BURKE *v.* BRIEN J. BURKE
(AC 25447)

DiPentima, Gruendel and Dupont, Js.

Argued January 17—officially released March 21, 2006

*Sandra M. McDonough,* for the appellant (plaintiff).

*Janis M. Laliberte,* with whom was *Margaret E. Sullivan,* for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Joan Burke, appeals from the judgment of the trial court granting the motion of the defendant, Brien J. Burke, to dismiss the plaintiff's motion for postjudgment modification of child support and alimony orders. On appeal, the plaintiff claims that the court improperly (1) refused to enter an articu-

lation of its decision and (2) granted the defendant's motion to dismiss. We agree with the plaintiff's second claim and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the appeal. The parties were married on September 8, 1973, and had four children during their marriage. The parties began proceedings to dissolve their marriage on April 17, 1990. On January 28, 1991, the court rendered judgment dissolving the marriage. The judgment included custodial and financial orders in accordance with an oral agreement between the parties that was recited on the record.[1] The court ordered, in relevant part, that "the [d]efendant will pay to the [p]laintiff the sum of Two Hundred Forty ($240.00) Dollars per week as unallocated alimony and child support until the death of either party, the remarriage of the plaintiff, the youngest child's attaining the age of [e]ighteen (18) or the cohabitation of the plaintiff . . . ."

On April 20, 1995, after the two oldest children reached the age of majority,[2] the court modified the terms of the judgment. The defendant was ordered to pay $240 per week unallocated alimony and support until June, 1995, when the second oldest child graduated from high school. Thereafter, the defendant's support obligations for the remaining two children would be $200 per week, with alimony payments of $1 per year "under the terms and conditions of the judgment." When the third oldest child became eighteen years old, the defendant's support obligation for the fourth child

[1] After a canvass of the parties setting forth their agreement, the court rendered judgment. Later, a judgment file was prepared.

[2] The agreement specifically noted that the oldest child attaining the age of eighteen would not be cause for modification of the alimony and support order.

would be adjusted to an amount consistent with the child support guidelines then in effect.

On October 31, 1996, the defendant sought modification of the support award due to his loss of employment. The court ordered the modification on November 14, 1996, and reduced the defendant's support obligation to $135 per week. On September 5, 2003, two days before the youngest child was to become eighteen years old, the plaintiff sought modification of the alimony award.[3] In support of her motion, the plaintiff alleged that she had become permanently disabled from a work-related back injury.[4] The defendant filed a motion to dismiss the plaintiff's amended motion for modification on December 5, 2003, claiming that under the unambiguous terms of the original dissolution judgment, his alimony and support obligation ended on September 7, 2003, when the youngest child reached the age of eighteen. On December 9, 2003, the court granted the defendant's motion to dismiss, stating that the "court order clearly indicates that alimony is to terminate, if not earlier, on September 7, 2003."

The plaintiff filed a motion to open and to reargue the court's decision on the motion to dismiss on January 26, 2004. On February 26, 2004, the court declined to vacate its order. The plaintiff filed a second motion to open and to reargue on March 16, 2004, which the court denied on April 23, 2004. This appeal followed.

I

The plaintiff first claims that the court improperly failed to render a reasoned decision or articulation

_____

[3] The plaintiff filed an amended motion on November 17, 2003.

[4] The plaintiff alleged that she incurred the injury on December 10, 1999. She alleged that since that time, she had had three back surgeries, none of which improved her condition. She asserted that the persistent, chronic and excruciating pain caused by the injury has left her totally disabled and unable to produce an income.

explaining why the alimony order was not modifiable. Specifically, she argues that the court's denial of her motion for articulation leaves her with insufficient information on which to base her appeal. We conclude that the plaintiff's claim is not a proper subject for review on appeal.

The following additional facts are relevant to the plaintiff's first claim. On March 17, 2004, the plaintiff filed a motion for articulation with the trial court, which was denied on April 23, 2004. The plaintiff then filed a motion for articulation with this court on June 14, 2004. The motion requested an order compelling the trial court to articulate its December 9, 2003 decision granting the defendant's motion to dismiss. Subsequently, on October 26, 2004, the plaintiff filed a motion to compel articulation with this court, seeking essentially the same relief as requested in her previous motion. On November 9, 2004, this court dismissed both of the plaintiff's motions as improper, but sua sponte granted the plaintiff permission to file a late motion for articulation. The plaintiff filed a late motion for articulation with the trial court on November 16, 2004, which the court denied on December 2, 2004. The plaintiff then filed with this court a motion for review of the trial court's denial of her motion. On January 27, 2005, this court granted review of the motion, but denied the relief requested therein.

Practice Book § 66-5 provides in relevant part that "[t]he *sole* remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ." (Emphasis added.) The plaintiff's pursuit of review and remedy through appeal is, therefore, inappropriate. See *Weber's Nursery, Inc.* v. *Prior*, 71 Conn. App. 433, 438, 802 A.2d 206 (2002); *Andrews* v. *Commissioner of Correction*, 45 Conn. App. 242, 245–

46, 695 A.2d 20, cert. denied, 242 Conn. 910, 697 A.2d 364 (1997); *Santoro* v. *Santoro*, 33 Conn. App. 839, 842, 639 A.2d 1044 (1994). Moreover, we note that the plaintiff already has received appellate review of her claim through the proper procedures. This court, on January 27, 2005, granted the plaintiff's motion for review of the trial court's denial of her motion for articulation, but denied the requested relief of ordering articulation. Accordingly, we decline to review that claim again on appeal.

## II

The plaintiff next claims that the court improperly granted the defendant's motion to dismiss her motion for postjudgment modification. Specifically, she argues that the court improperly determined that the alimony and support order was nonmodifiable and, therefore, never reached the merits of her motion. We agree.

The plaintiff's claim challenges the court's construction of the judgment ordering the defendant to make alimony and support payments. "The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 87 Conn. App. 699, 708, 867 A.2d 111, cert. granted on other grounds, 273 Conn. 934, 875 A.2d 545 (2005). "The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances." (Citation omitted; internal quotation marks omitted.) *Ottiano* v. *Shetucket Plumbing Supply Co.*, 61 Conn. App. 648, 652, 767 A.2d 128 (2001). We review such questions of law de novo. *Weinstein* v. *Weinstein*, supra, 708.

General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, the court may order . . . any final order for the periodic payment of permanent alimony or support . . . at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."[5] "This statutory provision suggests a legislative preference favoring the modifiability of orders for periodic alimony . . . [and requires that] the decree itself must preclude modification for this relief to be unavailable. . . . If an order for periodic alimony is meant to be nonmodifiable, the decree must contain language to that effect. . . . Such a preclusion of modification must be clear and unambiguous.[6] . . . If a provision purportedly precluding modification is ambiguous, the order will be held to be modifiable." (Citations omitted; internal quotation marks omitted.) *Rau* v. *Rau*, 37 Conn. App. 209, 211–12, 655 A.2d 800 (1995).

As a threshold matter, we identify the scope of our review of the judgment. "In determining whether the alimony award is modifiable or nonmodifiable, only the dissolution decree itself[7] may be used." Id., 212; *Lilley* v. *Lilley*, 6 Conn. App. 253, 256, 504 A.2d 563, cert.

---

[5] "The fact that the dissolution agreement was incorporated into a dissolution decree does not deprive the court of authority to modify a support agreement that does not expressly preclude modification." *Zitnay* v. *Zitnay*, 90 Conn. App. 71, 78 n.9, 875 A.2d 583, cert. denied, 276 Conn. 918, 888 A.2d 90 (2005).

[6] "There is no given set of words that must be used to preclude modification; an order is nonmodifiable if the decree distinctly and unambiguously expresses that it is." *Sheehan* v. *Balasic*, 46 Conn. App. 327, 332, 699 A.2d 1036 (1997), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998).

[7] "[O]ur Supreme Court has held that a judgment file, even in a dissolution action, is merely a clerical document, and . . . the pronouncement by the court of the adopted provisions of the separation agreement is the judgment." (Internal quotation marks omitted.) *Noethe* v. *Noethe*, 18 Conn. App. 589, 593, 559 A.2d 1149 (1989).

denied, 200 Conn. 801, 509 A.2d 516 (1986).[8] Here, when issuing the order dissolving the marriage, the court stated that "the order for unallocated alimony and child support shall terminate upon the earliest to occur of the following events: (1) the death of either of the parties; (2) the remarriage of the plaintiff; or (3) the date when the youngest child shall reach the age of eighteen years."[9] The defendant relies on that language regarding termination to establish that alimony was nonmodifiable.

We conclude that the language lacks the clear and unambiguous statement of nonmodifiability required by § 46b-86 (a) and the interpreting case law. Rather, we are confronted here with an ambiguous order regarding alimony. This court has treated as modifiable alimony orders with similar ambiguities. See *Scoville* v. *Scoville*, 179 Conn. 277, 280, 426 A.2d 271 (1979) (alimony award set to terminate after three years is modifiable). In *Rau*, this court relied on *Scoville* and determined that an alimony order, similarly silent as to modifiability and which would terminate after ninety-six payments, was modifiable. *Rau* v. *Rau*, supra, 37 Conn. App. 212–13. Moreover, this court addressed similar language in *Lil-*

---

[8] In *Lilley*, in light of General Statutes § 46b-86 (a) and the judgment's silence on modification, this court found the trial court's actions searching for the parties' intent to be inappropriate. *Lilley* v. *Lilley*, supra, 6 Conn. App. 256. Moreover, in interpreting a dissolution judgment, this court has declined to consider testimony regarding intent of the judge who entered the order. See *Sheehan* v. *Balasic*, 46 Conn. App. 327, 333 n.4, 699 A.2d 1036 (1997), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998).

[9] The defendant argues that this court also should consider the plaintiff's testimony during the court's canvass prior to rendering its judgment. He cites no authority holding that assertions made by the parties during a canvass are part of the court's judgment, and we know of none. Nevertheless, a review of the testimony would not change our analysis. The testimony merely states that the plaintiff understands that the separation agreement, as of that time, terminates the alimony and support payments when the youngest child becomes eighteen years of age. The transcript reveals no additional language on modifiability that was not incorporated into the judgment.

*ley*, in which we determined that periodic alimony, payable to the defendant until her death or remarriage, was modifiable. *Lilley* v. *Lilley*, supra, 6 Conn. App. 254. Accordingly, we conclude that the court improperly determined that the judgment was nonmodifiable. The court should have reached and decided the issue of whether there was a substantial change in circumstances justifying modification of the alimony order. See *Scoville* v. *Scoville*, supra, 280.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.