******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COURTNEY ROBACZYNSKI *v.* MARC A.
ROBACZYNSKI
(AC 36030)

Beach, Sheldon and Norcott, Js.

*Argued May 21—officially released September 23, 2014*

(Appeal from Superior Court, judicial district of
Litchfield, Danaher, J.)

*Marc Robaczynski*, self-represented, the appellant
(defendant).

*Peter M. Berry*, for the appellee (plaintiff).

*Opinion*

NORCOTT, J. The defendant, Marc A. Robaczynski, appeals from the judgment of the trial court denying his motion for postjudgment modification of unallocated family support and other financial orders. On appeal, the defendant claims that (1) the court improperly found that the unallocated family support order was nonmodifiable, and (2) the court improperly found that no substantial change in circumstances existed to warrant modification of either the unallocated family support order or the other financial orders pursuant to General Statutes § 46b-86 (a).[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff, Courtney Robaczynski, and the defendant were married on March 22, 2003, and had three children during the marriage. The plaintiff initiated divorce proceedings on July 13, 2011. After a contested divorce proceeding, the court rendered judgment dissolving the marriage on October 11, 2012. The judgment included custodial and financial orders. The court ordered, in relevant part, that the defendant pay to the plaintiff "$1000 per week as unallocated family support for a period of two years. . . . Thereafter, and for two additional years, the defendant shall pay $200 per week to the plaintiff as alimony. . . . The foregoing orders regarding unallocated family support and alimony are nonmodifiable."

The court also ordered that the defendant provide health insurance for the three minor children and pay 54 percent of their unreimbursed medical expenses. In the event that the defendant received a bonus from his employer, the plaintiff would receive a 22.4 percent share. The court also ordered that the defendant pay $10,000 of the plaintiff's attorney's fees.

Additionally, the court required the defendant to pay 50 percent of the costs of the mortgage and taxes on the marital residence until it was sold.[2] The defendant was also responsible for 75 percent of the costs of preparing a qualified domestic relations order to effect the equitable division of the parties' bank accounts, deferred compensation accounts, and restricted stock. Neither party appealed from the judgment.

On May 7, 2013, the defendant filed a motion for modification of the unallocated family support[3] and the other financial orders in the dissolution decree, including the orders regarding the health insurance and unreimbursed medical expenses for the children, the payment of a percentage of any future employment bonuses to the plaintiff, the payment of $10,000 of the plaintiff's attorney's fees, the payments regarding the marital residence, and the costs of preparing a qualified domestic relations order. On June 26, 2013, after a hearing, the court denied the defendant's motion for modifi-

cation without stating the reason for its decision.

On July 15, 2013, the defendant filed a motion for rehearing and reconsideration, which the court granted on July 30, 2013. The court heard reargument on August 8, 2013, and adhered to its previous decision to deny the defendant's motion for modification. The court concluded that the unallocated family support order was nonmodifiable and, furthermore, that "[t]he facts do not show a substantial change in circumstance[s] that would require modification, even if the order [was] modifiable." The court also found that the other financial orders detailed in the defendant's motion for modification were not properly before it. This appeal followed.

I

We first address the defendant's argument that the court improperly found that the unallocated family support order was nonmodifiable. Specifically, the defendant argues that the dissolution decree is inconsistent with respect to the modifiability of the support orders and, therefore, the judgment permits modification. We disagree.

The defendant first challenges the court's construction of the judgment ordering him to pay unallocated family support. "The construction of a judgment is a question of law for the court." (Internal quotation marks omitted.) *Burke* v. *Burke*, 94 Conn. App. 416, 421, 892 A.2d 964 (2006). "We review such questions of law de novo." Id.

In its initial statement of the unallocated family support order, the dissolution decree states that "[t]he foregoing orders . . . are nonmodifiable." The decree's final section, entitled "Final Orders," reiterates the unallocated family support order but does not include the nonmodifiability language. The defendant argues that the court's failure to repeat the nonmodifiability language in the final orders section of the decree renders the dissolution judgment internally inconsistent with respect to the modifiability of the unallocated family support order and, therefore, the judgment must be construed to permit modification. We are not persuaded.

"As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances." (Citation omitted; internal quotation marks omitted). *Burke* v. *Burke*, supra, 94 Conn. App. 421. "In determining whether the alimony award is modifiable or nonmodifiable, only the dissolution decree itself may be used." *Rau* v. *Rau*, 37 Conn. App. 209,

212, 655 A.2d 800 (1995).

Section 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party . . . ." "This statutory provision suggests a legislative preference favoring the modifiability of orders for periodic alimony . . . [and requires that] the decree itself must preclude modification for this relief to be unavailable. . . . If an order for periodic alimony is meant to be nonmodifiable, the decree must contain language to that effect. . . . Such a preclusion of modification must be clear and unambiguous." (Citations omitted; internal quotation marks omitted). *Rau* v. *Rau*, supra, 37 Conn. App. 211–12. "There is no given set of words that must be used to preclude modification; an order is nonmodifiable if the decree distinctly and unambiguously expresses that it is." *Sheehan* v. *Balasic*, 46 Conn. App. 327, 332, 699 A.2d 1036 (1997), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998).

We conclude that the dissolution decree contains the clear and unambiguous language required to preclude modification of the unallocated family support order.[4] The decree expressly states that "[t]he foregoing orders regarding unallocated family support and alimony are nonmodifiable." We construe judgments as a whole; *Burke* v. *Burke*, supra, 94 Conn. App. 421; and the lack of nonmodifiability language in the decree's "Final Orders" section does not negate the court's unmistakable intent to preclude modification. The unallocated family support order is nonmodifiable and, therefore, the court properly denied the defendant's motion for modification with respect to that order.

II

The defendant next claims that the trial court improperly found that no substantial change in circumstances existed to warrant modification of either the unallocated family support order or the other financial orders. We disagree. The unallocated family support order is nonmodifiable, as discussed previously in this opinion, and, therefore, we need not address that order. The defendant's motion for modification also included five additional orders, which required him to pay for health insurance, a portion of the unreimbursed medical expenses for the children, a percentage of any future employment bonuses to the plaintiff, a portion of the plaintiff's attorney's fees, the costs associated with the marital residence, and a share of the costs of preparing a qualified domestic relations order.

The defendant first claims that the trial court improperly concluded that these financial orders could not be modified. He argues that these five additional orders

constitute "support" orders and are therefore modifiable. The plaintiff argues that the orders are property assignments and are therefore nonmodifiable. We need not determine whether the court properly characterized these payments as property or support because we conclude that the court properly determined that, even if modifiable, no grounds for modification existed.

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Schwarz* v. *Schwarz*, 124 Conn. App. 472, 476, 5 A.3d 548, cert. denied, 299 Conn. 909, 10 A.3d 525 (2010).

Section 46b-86 (a), which governs the modification of support orders, provides in relevant part: "[A]ny final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to [General Statutes §] 46b-215a." Support orders may be modified only upon a showing of either a substantial change in the circumstances of either party or a substantial deviation from the child support guidelines. *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 491–92, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). "The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances [of either party]." (Internal quotation marks omitted.) *Schwarz* v. *Schwarz*, supra, 124 Conn. App. 476.

"[I]f the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the . . . [General Statutes] § 46b-82 criteria, make an order for modification." (Internal quotation marks omitted.) *O'Donnell* v. *Bozzuti*, 148 Conn. App. 80, 87, 84 A.3d 479 (2014). "More specifically, these criteria, outlined in . . . § 46b-82, require the court to consider the needs and financial resources of each of the parties . . . as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of the parties." (Internal quotation marks omitted.) Id., 476–77. "Trial courts have broad discretion in deciding motions for modification." Id., 476.

The defendant argues that the court improperly found that no substantial change in circumstances existed to

warrant modification of the financial orders. Specifically, he argues that the court improperly failed to consider the change in both the plaintiff's and the defendant's financial positions and also improperly failed to consider all of the plaintiff's assets and her earning capacity in filling out a child support guideline worksheet. We disagree.

The court's August 8, 2013 oral decision, following the rehearing and reargument on the defendant's motion for modification, demonstrates that the court did consider the change in the parties' financial positions and the plaintiff's assets and earning capacity. The court acknowledged that "[t]here does appear to be a change in [the plaintiff's] estate," but also found that "that change, alone, would be insufficient at this time" to warrant modification. Additionally, the court noted that there was an increase in the plaintiff's net worth, but that there was "no evidence . . . as to how her station in life has changed." The court also considered and rejected the defendant's allegations that the plaintiff had failed to meet her earning capacity. The court noted that "[t]here are good explanations, including the primary care responsibility of three children, [the plaintiff's] nursing studies, all of which justify the fact that she is not earning funds as she was when the [c]ourt entered its orders in October of 2012, and even at that time her income was nominal." The court concluded that "[t]he facts do not show a substantial change in circumstance[s] that would require modification . . . ."

On the basis of the facts presented, we conclude that the court could have reasonably determined that, even if modifiable, there were no grounds for modification of the financial orders. Contrary to the defendant's assertions, the court properly considered the appropriate factors for modification, including the parties' income, assets and earning capacity. See *Schwarz* v. *Schwarz*, supra, 124 Conn. App. 477. We conclude that the court did not abuse its discretion in finding that no grounds for modification existed and, therefore, the court properly denied the defendant's motion for modification.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also claims that the court improperly denied his request for mandatory disclosure and production. There is nothing in the record to indicate that the trial court issued a ruling on the defendant's request. "[T]his court cannot review a nonexistent ruling." *Augeri* v. *Planning & Zoning Commission*, 24 Conn. App. 172, 179, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1381 (1991). Therefore, we will not review this claim.

[2] Although the divorce decree did not order the parties to pay half of the property taxes each, subsequently the parties mutually agreed to do so.

[3] The defendant's motion for modification did not specifically request modification of the unallocated support order, but did request modification of child support and alimony. The court treated the motion as one to modify unallocated family support. "[A]n unallocated family support order incorporates alimony and child support without delineating specific amounts for each component . . . ." *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 558, 46

A.3d 112 (2012).

  4 We note that the parties have referenced *Tomlinson* v. *Tomlinson*, 305 Conn. 539, 46 A.3d 112 (2012), and *Guille* v. *Guille*, 196 Conn. 260, 492 A.2d 175 (1985), in their briefs. In both of these cases, our Supreme Court upheld the trial court's modification of child support, despite language in the dissolution decree precluding modification, in order to protect the interests of the children. *Tomlinson* v. *Tomlinson*, supra, 542, 555; *Guille* v. *Guille*, supra, 268. The facts of this case do not require us to follow *Tomlinson* or *Guille*.