# RECORD JOURNAL PUBLISHING COMPANY *v.* CITY OF MERIDEN
## (AC 17534)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued September 22, 1998—officially released January 12, 1999

*Deborah L. Moore*, staff attorney, with whom, on the brief, was *Christopher P. Hankins*, deputy city attorney, for the appellant (defendant).

*Heather V. Taylor*, with whom, on the brief, were *Robert P. Dolian* and *Charles D. Ray*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendant city of Meriden appeals from the judgment of the trial court rendered in favor of the plaintiff, Record Journal Publishing Company (Record Journal). Record Journal first appealed to the city's tax review board, which affirmed certain assessments that the city had issued, and then to the trial court. The trial court rendered judgment in favor of Record Journal and found that Record Journal (1) did not omit personal property in the form of computer software from its tax returns for the years 1991–1994 and (2) sustained its burden of proof that an illegal tax was imposed. On appeal, the city contends that the trial court (1) incorrectly determined that the city had received notice of a tax exemption of computer software that was already loaded into Record Journal's computer equipment, (2) improperly applied General Statutes § 12-71 (e) (1)[1] in concluding that Record Journal's computer software was exempt from taxation as

---

[1] General Statutes § 12-71 (e) (1) provides: "Personal property subject to taxation under this chapter shall not include computer software, except when the cost thereof is included, without being separately stated, in the cost of computer hardware. 'Computer software' shall include any program or routine used to cause a computer to perform a specific task or set of tasks, including without limitation, operational and applicational programs and all documentation related thereto."

intangible personal property, (3) incorrectly concluded that Record Journal had sustained its burden of proof in establishing that an illegal tax was imposed by the city and (4) incorrectly determined that Record Journal did not omit its computer software from the disputed grand lists. This appeal followed. We affirm the judgment of the trial court.

The parties stipulated to the following facts. Record Journal commenced the underlying action after the city issued changes of assessment on Record Journal's personal property that was listed on the city's grand lists for 1991–1994 following an audit of Record Journal's personal property declarations for those years. Except for the city's additional 25 percent assessment[2] on Record Journal's computer equipment, pursuant to General Statutes § 12-53,[3] Record Journal has paid all

---

[2] The exact amount in controversy relating to the 25 percent assessment is $5064.10, with interest accruing on that amount at a rate of 1.5 percent per month from July 1, 1997, forward.

[3] General Statutes § 12-53 provides in relevant part: "(a) . . . [T]he assessor or board of assessors of each town shall add to the list given in by any person and made according to law any taxable property which they have reason to believe is owned by him and has been omitted from such list, and property so added shall be assessed at the percentage of the actual valuation . . . as determined by the assessor or board of assessors in accordance with . . . sections 12-63, 12-64 and 12-71 . . . and twenty-five per cent of such assessment shall be added . . . . The assessor or board of assessors shall notify such person . . . of any such increase in the assessed valuation.

"(b) If the assessor or board of assessors of any town believe that taxable property has been omitted from the list given in by any person . . . they may give notice in writing to the owner, custodian or other person having knowledge of any such property or the valuation thereof, of the time and place of a hearing with respect thereto. . . . Such notice shall direct the person named therein to appear before the assessor or board of assessors with books of account, papers, documents and other records for examination under oath relative to any such property or the valuation thereof. All omitted taxable property, discovered at such hearing . . . and not listed by the owner as required by law, shall be added to his list by such assessor or board of assessors at the percentage of its actual valuation, as determined by the assessor or board of assessors in accordance with . . . sections 12-63, 12-64 and 12-71, and twenty-five per cent of such assessment shall be added . . . . "

taxes and interest due on its computer equipment pursuant to the reassessment.[4]

On the basis of advice from a consulting firm that was hired to evaluate Record Journal's tax liability, Record Journal allocated 20 percent of the value of the computer equipment at issue in the years 1991–1993 to software that was already installed into the computer. Record Journal utilized this approach from 1985 until the audit. The consulting firm's advice was in an opinion letter and indicated that Record Journal's computer equipment could be valued with a 20 percent allowance for tax exempt miscellaneous software costs. Record Journal never advised the city of the letter, and the city never received or reviewed this letter.

Record Journal has listed its computer equipment on the grand lists for all tax years since 1985, and specifically for the years 1991–1993. Additionally, Record Journal has paid personal property taxes on the computer equipment for each year that it was listed on the grand lists. The city disagreed with Record Journal's valuation of its computer equipment and reassessed the equipment at a higher value for the period 1991–1993.

I

The city first claims that the trial court, contrary to the joint stipulation of facts, improperly determined that the city received notice of a tax exemption of computer software that was already loaded into Record Journal's computer equipment.

" 'The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole . . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . .' " *24*

---

[1] The underlying tax liability is not an issue in this appeal.

*Leggett Street Ltd. Partnership* v. *Beacon Industries, Inc.,* 239 Conn. 284, 301, 685 A.2d 305 (1996).

In its memorandum of decision, the trial court stated that "[b]ased on the advice [of a consulting firm, Record Journal] included in its valuation a 20 percent tax exemption for miscellaneous software costs, giving notice to the city of the exemption claimed as early as 1985. Thereafter, the exemption continued to be claimed and taxes paid, presumably without objection, until an audit having reference to the grand lists in dispute (1991–1994)." The parties stipulated that the city neither received nor reviewed the letter that Record Journal received from its consulting firm relating to the valuation of the computer equipment.

After reviewing the record, we conclude that whether the city received notice of the exemption claimed is not pertinent to the resolution of the ultimate issues that were before the trial court. Specifically, the trial court determined that "[w]hile a 20 percent reduction may have resulted in an undervaluation of the overall equipment," the controlling aspect was that the 25 percent additional assessment "applies only to omitted property, not all property reassessed pursuant to § 12-53 (a) and (b). *United Illuminating Co.* v. *New Haven,* 240 Conn. 422, 457 n.24, 692 A.2d 742 (1997)." Accordingly, even if the trial court improperly found that the city had notice, the finding was harmless.

The city also asserts that the trial court improperly determined that Record Journal had claimed a tax exemption for the computer software and that when the city learned of the exemption it did not object. After reviewing the record, we agree that there is nothing in the joint stipulation of facts indicating that Record Journal ever claimed a tax exemption. Whether Record Journal claimed an exemption and whether the city

objected are not relevant to the resolution of the ultimate issues that were before the trial court.

## II

The city next claims that the trial court improperly applied § 12-71 (e) (1)[5] in concluding that Record Journal's computer software was exempt from taxation as intangible personal property. Specifically, the city contends that Record Journal's computer software was personal property subject to taxation pursuant to § 12-71 (e) (1), and that the 20 percent reduction of the cost of the computer equipment was not justified. Record Journal agrees with the city that the software is taxable and it has paid all taxes and interest due. The applicability of § 12-71 (e) (1) is not at issue. Indeed, the trial court's memorandum of decision states that "the only issue before the court . . . [was] whether § 12-53 . . . authorizes the city of Meriden to penalize [Record Journal] by imposing an additional 25 percent assessment against the company's computer equipment." Accordingly, we need not address this claim further.

## III

The city next claims that the trial court improperly concluded that Record Journal had sustained its burden of proof in establishing that an illegal tax was imposed by the city.

" 'The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. Practice

---

[5] See footnote 1.

Book § 4061; *United Illuminating Co.* v. *Groppo*, 220 Conn. 749, 752, 601 A.2d 1005 (1992); *Zachs* v. *Groppo*, 207 Conn. 683, 689, 542 A.2d 1145 (1988); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).' " *SLI International Corp.* v. *Crystal*, 236 Conn. 156, 163, 671 A.2d 813 (1996).

The trial court's determinations in the present case were based on a record that was comprised of only a stipulation of facts, written briefs, and oral arguments by counsel. Thus, the record before the trial court was identical to the record before this court. "In these circumstances, the legal inferences properly to be drawn from the parties' definitive stipulation of facts raise questions of law rather than of fact. . . . Accordingly, our review of the ruling of the trial court in this case is plenary." (Citations omitted; internal quotation marks omitted.) Id., 163–64.

Pursuant to § 12-53 (a) and (b), omitted taxable property discovered by the town assessor and not listed by the owner as required by law, shall be added to the owner's property tax list at a percentage of its actual valuation, as determined by the assessor in accordance with the provisions of § 12-71 and 25 percent of such assessment will also be added to the actual valuation. Our Supreme Court has held that "there is no statutory authority for the levy of a penalty assessment for understating the value of assessable property. . . . General Statutes § 12-53 authorizes a penalty only for property *omitted* from a list." (Emphasis added.) *Northeast Datacom, Inc.* v. *Wallingford*, 212 Conn. 639, 651, 563 A.2d 688 (1989). Furthermore, in *United Illuminating Co.* v. *New Haven*, supra, 240 Conn. 452–53 n.21, our Supreme Court quoted the Handbook for Connecticut Assessors, which states that when declared property " 'is found to have been under-reported (i.e., the cost was understated), the assessment may be increased but no penalty can be applied.' "

The parties have stipulated that the software at issue was loaded into Record Journal's computer equipment and that the company has listed the computer equipment for all of the tax years in question. The software was thus part of the property that Record Journal declared on its property tax declarations as computer equipment. For each of the tax years at issue, Record Journal declared its computer equipment, valued it at 80 percent of its value, allocating the remaining 20 percent to the software that was loaded into the equipment. The city disagreed with this valuation of the computer equipment and reassessed the tax based on a higher value. At that time, the city also assessed the 25 percent additional assessment. The city asserts that by omitting the value of the software, Record Journal omitted the software itself from its property declarations.

The city did not claim that Record Journal omitted the software from its declaration, a claim that it could hardly maintain in light of the stipulation that the software was loaded into the computer equipment and the computer equipment was listed for all years since 1985. Instead, the city asserts, and Record Journal concedes, that the reduction in the value of the computer equipment by the value of the loaded software was an omission of the *value* of the loaded software. The city claims that the omission of the value of the software amounted to an omission of the software.

We agree with the trial court that the computer equipment as a whole was merely undervalued and that the software was not omitted from the tax declarations. Accordingly, pursuant to *Northeast Datacom, Inc.* v. *Wallingford,* supra, 212 Conn. 651, and *United Illuminating Co.* v. *New Haven,* supra, 240 Conn. 452–53 n.21, the 25 percent additional assessment on Record Journal's computer equipment was not authorized by § 12-53 (b).

## IV

The city finally claims that the trial court improperly determined that Record Journal did not omit its computer software from the disputed grand lists. As discussed in part III, we conclude that Record Journal undervalued, rather than omitted, its computer equipment from its property tax declarations.

The judgment is affirmed.

In this opinion O'CONNELL, C. J., concurred.

HENNESSY, J., dissenting. I respectfully dissent from the majority opinion because I conclude that the trial court improperly held that Record Journal Publishing Company (Record Journal) sustained its burden of proof that an illegal penalty was imposed.

The city of Meriden contends that the trial court improperly held that Record Journal sustained its burden of proof that an illegal penalty was imposed because the trial court (1) improperly found that the city was given notice of a tax exemption claimed by Record Journal in contradiction to the stipulated facts, (2) misconstrued General Statutes § 12-71 (e) (1) when it concluded that the reduction of the cost of the computer equipment by 20 percent, the estimated value of the computer software already loaded into the computers, was justified because the computer software at issue was intangible personal property not subject to tax and (3) improperly concluded that Record Journal was not guilty of an omission pursuant to General Statutes § 12-53 (a) and (b). I agree with the city, and, therefore, I would reverse the judgment of the trial court.

The record before the trial court consisted of a joint stipulation of facts and written briefs. The facts stipulated by the parties will be discussed where relevant to the issues on appeal.

In determining whether the trial court improperly held that Record Journal sustained its burden of proof that an illegal penalty was imposed, " '[t]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record.' " *SLI International Corp.* v. *Crystal*, 236 Conn. 156, 163, 671 A.2d 813 (1996), quoting *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992).

I

The city first claims that the trial court improperly found that the city was given notice of a tax exemption claimed by Record Journal. I agree.

"[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Poulos* v. *Pfizer, Inc.*, 244 Conn. 598, 616, 711 A.2d 688 (1998).

The trial court found that, on the basis of the advice it received from a consulting firm, Record Journal "allocated 20 percent of the value of such equipment to

software already loaded into the computers. On the basis of that advice, it included in its valuation a 20 percent tax exemption for miscellaneous software costs, *giving notice to the city of the exemption* claimed as early as 1985. Thereafter, *the exemption continued to be claimed* and taxes paid presumably without objection until an audit . . . . The parties have entered into a 'joint stipulation of fact' which includes those facts above mentioned . . . ." (Emphasis added.)

The parties, however, stipulated to the following facts: "Based on the advice of a consulting firm that Record Journal had hired to evaluate its tax liability . . . Record Journal allocated 20 percent of the value of the computer equipment . . . to software already loaded onto the computer equipment. Record Journal undertook this approach . . . pursuant to advice contained in an opinion letter from [the consultant] that indicated that Record Journal's computer equipment could be valued with a 20 percent allowance for tax-exempt miscellaneous software costs. . . . *The city never received nor did it ever review the letter* . . . ." (Emphasis added.)

There is nothing in the stipulated facts indicating that the city had notice of Record Journal's method of reducing the total value of the computer equipment, for tax liability purposes, by 20 percent because of its receipt of erroneous advice from a consultant that indicated that this method was appropriate because computer software is tax exempt. It was after the city's audit that the city issued a change of assessment for years 1991–1994 because of this reduction by Record Journal. The trial court's finding of fact, therefore, has no support in the record and is clearly erroneous.

Unlike the majority, I do not conclude that this error is harmless. I believe that whether the city had notice of the reduction in the value of Record Journal's computer equipment is relevant to whether Record Journal omit-

ted its software under § 12-53 (a) and (b). Whether the software was omitted, in turn, is relevant to whether Record Journal sustained its burden of proof that an illegal penalty was imposed.

## II

The city next claims that the trial court misconstrued General Statutes § 12-71 (e) (1) when it concluded that the reduction of the cost of the computer equipment by 20 percent, the estimated value of the computer software already loaded into the computers, was justified because the computer software at issue was intangible personal property not subject to tax. I agree.

The trial court concluded that "[s]ince computer software is deemed intangible personal property not subject to tax, the allocation of a percentage reduction was justified."[1] General Statutes § 12-71 (e) (1), however, provides in relevant part that "[p]ersonal property subject to taxation under this chapter shall not include computer software, *except when the cost thereof is included, without being separately stated, in the cost*

---

[1] In addition to § 12-71 (e) (1), the trial court cited *Northeast Datacom, Inc.* v. *Wallingford*, 212 Conn. 639, 563 A.2d 688 (1989), for support that computer software is intangible personal property not subject to taxation. The trial court's reliance on this case is misplaced. In *Northeast Datacom, Inc.*, our Supreme Court held that computer software was intangible personal property not subject to taxation under § 12-71, however, the court did not mention § 12-71 (e) (1), the section of the statute applicable to computer software. Although our Supreme Court decided the issue of whether "computer software constitutes personal property subject to municipal taxation under General Statutes § 12-71" in *Northeast Datacom, Inc.* v. *Wallingford*, supra, 640, on August 15, 1989, after the effective date of the amendment to the statute that added subsection (e), the language applicable to computer software; see Public Acts 1989, No. 89-251, § 193 (adding subsection [e]); the taxation at issue in that case occurred in years before § 12-71 (e) (1) took effect. In addition, the computer software at issue in *Northeast Datacom, Inc.* v. *Wallingford*, supra, 642, was " 'canned software purchased by [the plaintiff], software customized by outside contractors for [the plaintiff], and custom software developed by [the plaintiff] itself' " and, therefore, was not software that was already loaded into the computer hardware.

*of computer hardware. . . ."* (Emphasis added.) Both parties agreed that the computer software was personal property subject to taxation under § 12-71 (e) (1) because the cost of the computer software at issue was included with the cost of the computer hardware and was not separately stated.

Since the trial court relied on its determination that computer software was intangible personal property not subject to taxation to conclude that the computer software had not been omitted pursuant to § 12-53 (a) and (b) and on its determination that the computer software had not been omitted to conclude ultimately that Record Journal had sustained its burden of proof that an illegal penalty was imposed, I, unlike the majority, believe that the trial court's misinterpretation of § 12-71 is relevant.[2]

### III

The city next claims that the trial court improperly found that Record Journal was not guilty of an omission under § 12-53 (a) and (b). I agree.

Since the trial court's determination was based on a record that consisted of stipulated facts and briefs only, the record before this court is identical to the record of the trial court. See *SLI International Corp.* v. *Crystal,*

---

[2] The trial court reasoned that "[a] penalty of 25 percent is authorized only in those instances where the property in question was omitted from the grand list. . . . There is no statutory authority for the levy of a penalty assessment for understating the value of assessable property. . . . The court finds that the plaintiff did not omit the computer software from the grand list in dispute. Rather, on the advice of its consultant it allocated 20 percent of the value of the computer equipment to software. . . . Since computer software is deemed intangible personal property not subject to tax, the allocation of a percentage reduction was justified. . . . While a 20 percent reduction may have resulted in an undervaluation of the overall equipment, this fact is not controlling. What is controlling in the instant context is that [t]he 25 percent penalty only applies to omitted property, not to all property reassessed pursuant to § 12-53 (a) and (b)." (Citations omitted; internal quotation marks omitted.)

supra, 236 Conn 163. " 'In these circumstances, the legal inferences properly to be drawn from the parties' definitive stipulation of facts raise questions of law rather than of fact. . . . Accordingly, our review of the ruling of the trial court in this case is plenary.' " (Citations omitted.) Id., 163–64. Therefore, we must determine " 'whether [the legal] conclusions are legally and logically correct and find support in the facts that appear in the record.' " Id., 163.

Section 12-53 provides in relevant part that "(a) . . . the assessor or board of assessors of each *town shall add to the list given in by any person and made according to law any taxable property which they have reason to believe is owned by him and has been omitted from such list,* and property so added shall be assessed at the percentage of the actual valuation thereof, as determined by the assessor or board of assessors in accordance with the provisions of sections . . . 12-71 . . . *and twenty-five per cent of such assessment shall be added thereto.* . . .

"(b) If the assessor or board of assessors of any town believe that taxable property has been omitted from the list given in by any person . . . they may give notice in writing to the owner . . . of the time and place of a hearing with respect thereto. . . . *All omitted taxable property, discovered at such hearing or any adjournment thereof and not listed by the owner as required by law, shall be added to his list by such assessor or board of assessors at the percentage of its actual valuation, as determined by the assessor or board of assessors in accordance with the provisions of sections . . . 12-71, and twenty-five per cent of such assessment shall be added thereto.* . . ." (Emphasis added.)

As discussed previously, the trial court relied on its misinterpretation of § 12-71 (e) (1) to conclude that the

computer software was not omitted pursuant to § 12-53 (a) and (b). After concluding that "[s]ince computer software is deemed intangible personal property not subject to tax, the allocation of a percentage reduction was justified," the trial court further concluded that "[w]hile a 20 percent reduction may have resulted in an undervaluation of the overall equipment, this fact is not controlling. What is controlling in the instant context is that '[t]he 25 percent penalty only applies to omitted property, not to all property reassessed pursuant to § 12-53 (a) and (b).' "

While I agree that Record Journal's computer "equipment" was undervalued, the computer "equipment" was undervalued by the omission of the "software." It is the computer *software and not the computer equipment* that is at issue in this case.

The trial court and the majority cite *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 457 n.24, 692 A.2d 742 (1997), and *Northeast Datacom, Inc.* v. *Wallingford*, supra, 212 Conn. 651, for the proposition that the 25 percent additional assessment on Record Journal's computer equipment was not authorized by either § 12-53 (b) or the applicable case law. These cases do state that the 25 percent penalty can be applied only to omitted property and not to understated or underreported property. These cases, however, are not dispositive of the issue of what is "omitted" property under § 12-53.[3]

---

[3] See footnote 1. In addition, in *United Illuminating Co.* v. *New Haven*, supra, 240 Conn. 422, our Supreme Court addressed the issue of whether the statutory authority to conduct an audit under § 12-53 includes the power to revalue listed property for tax purposes as well as the power to add property omitted from the list. All property in *United Illuminating Co.* was listed and valued on the grand list at issue. Id., 425. Our Supreme Court held that "an assessor has the authority under § 12-53 (b) and (c) to revalue and reassess, for tax purposes, property that was listed and valued on a grand list . . . . " Id., 432.

Record Journal estimated the cost of software already loaded into the computer hardware at 20 percent of the value of the computer equipment on the basis of the advice of a consultant. Record Journal then reduced the value of its computer equipment by 20 percent, the exact amount at which the software was estimated. Section 12-71 (e) (1), however, indicates that computer software, which is included in the cost of the hardware and is not separately stated, is taxable personal property. Both parties agree that the software in this case is taxable. The computer software, however, was not separately stated, nor was it included in the value of the computer hardware. Under these circumstances, I believe that the computer software was omitted and not listed as required by § 12-53. On the basis of the foregoing, I conclude that the trial court's conclusion that Record Journal did not omit its software is not legally or logically correct.

Because I believe that the trial court improperly found that the city had notice of Record Journal's claimed tax exemption for computer software, misapplied § 12-71, and improperly held that Record Journal did not omit its software, I conclude that the trial court's determination that Record Journal sustained its burden of proof that an illegal penalty was imposed was not legally or logically correct.

I would reverse the judgment of the trial court.