## WEBER'S NURSERY, INC. *v.* PAUL PRIOR ET AL.
### (AC 21232)

Mihalakos, Dranginis and Hennessy, Js.

Argued January 10—officially released August 6, 2002

*Jason E. Pearl*, for the appellant (plaintiff).

*Martin McQuillan*, for the appellees (defendants).

#### Opinion

HENNESSY, J. The plaintiff, Weber's Nursery, Inc., appeals from the judgment of the trial court denying

its claim for moneys owed to it by the homeowner defendants, Paul Prior and Sally Prior, for landscaping work performed on their premises. The plaintiff claims that the court improperly (1) made findings of fact that were unsupported by the evidence before it and (2) denied the plaintiff's motion for articulation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff and the defendants, without a written contract, agreed that the plaintiff would perform certain landscaping work on the defendants' premises. The plaintiff subsequently brought an action seeking the unpaid balance owed to it for the work performed. The defendants filed a counterclaim to recover for damage resulting from the allegedly negligent manner in which the plaintiff performed the landscaping.[1] The matter was referred to a fact finder pursuant to General Statutes § 52-549n.[2] The threshold legal question addressed by the fact finder and the parties was whether the Home Improvement Act (act), General Statutes § 20-418 et seq.,[3] barred the

[1] The court referred the issues on the counterclaim to a fact finder for resolution, and those issues are not part of this appeal.

[2] General Statutes § 52-549n provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than fifty thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the certificate of closed pleadings has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

[3] General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor . . . ."

plaintiff from any recovery in the absence of a written contract. The fact finder issued a report finding that the act applied and concluded that the plaintiff was barred from any recovery. Pursuant to General Statutes § 52-549s, the clerk scheduled the report for the court's consideration. The plaintiff filed an objection to the court's acceptance of the report pursuant to § 52-549s, claiming that the fact finder had exceeded his authority by ruling on a question of law regarding whether the act applied and thereby barred recovery. The court agreed with the plaintiff, stating that it is clear that the fact finder was limited to making findings of fact and was without authority to decide a question of law. The court, then, pursuant to § 52-549s (a) (5), which permits the court to "take any . . . action the court may deem necessary," heard argument about whether the act applied and, without regard to the fact finder's conclusion, decided that the act applied and barred the plaintiff's claim. Thereafter, the plaintiff filed this appeal.

## I

The plaintiff first claims that the court improperly made findings of fact without hearing from a single witness or taking any evidence. The plaintiff bases this claim on *24 Leggett Street Ltd. Partnership* v. *Beacon Industries, Inc.*, 239 Conn. 284, 301, 685 A.2d 305 (1996), in which our Supreme Court stated that a "finding of fact is clearly erroneous when there is no evidence . . . to support it . . . ." (Internal quotation marks omitted.)

We agree with the plaintiff that a finding of fact, without any evidence to support it, is clearly erroneous. This court has so held in *Record Journal Publishing Co.* v. *Meriden*, 51 Conn. App. 508, 517, 722 A.2d 291 (1999). We disagree, however, with the plaintiff's assertion that there was no evidence in the present case to support the findings of fact that led to the court's

conclusion that the act applied. We note at the outset that the plaintiff joined with the defendants and requested the fact finder to decide preliminarily the issue of whether the act applied to the facts of the case. Once the issue was resolved in favor of the defendants, the plaintiff objected to the acceptance of the fact finder's report. Pursuant to § 52-549s (a),[4] the court is required to consider the fact finder's report and any objections to the acceptance of the findings of fact. The plaintiff objected to the report on the ground that the fact finder found that the act applied and made a conclusion of law, thereby exceeding his statutory authority. The court agreed and, pursuant to the authority granted it under § 52-549s (a) (5) to "take any other action the court may deem necessary," ordered counsel "to appear for additional argument on [the] applicability of [the] Home Improvement Act." Without objection by the parties, the court heard argument on the issue and considered counsel's briefs with a view toward deciding the threshold legal issue itself, without regard to the fact finder's conclusion.

The plaintiff, in its complaint, alleged that it had set forth a proposal in response to the defendants' solicitation for nursery services on their premises. There is no written contract in evidence, and the defendants deny that one exists. Therefore, if the work performed by the plaintiff is found to be a home improvement rather than the construction of a new home, the act applies

---

[4] General Statutes § 52-549s (a) provides: "Not less than fourteen days after the filing of the finding, the clerk shall schedule the matter for consideration by the court. The parties may file objections to the acceptance of the finding of fact in accordance with rules established by the judges of the Superior Court. The court may (1) render judgment in accordance with the finding; (2) reject the finding and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of fact; (3) reject the finding and remand the matter to another fact-finder for a rehearing; (4) reject the finding and revoke the reference or (5) take any other action the court may deem necessary."

and the judgment of the court must be affirmed. In this case, the court found, relying on the reasoning set forth in *Rizzo Pool Co.* v. *Del Grosso,* 232 Conn. 666, 678, 657 A.2d 1087 (1995), that the landscaping work was not "so interrelated, temporarily or otherwise, that [it] constituted an integral part of '[t]he construction of a new home.' " The court concluded that the work performed was a home improvement to which the act applies.

The court had before it the fact finder's report, which contained the finding that "nothing in the proposal referenced new home construction or specified performance at a certain stage of the home construction." The court heard argument by counsel, considered the parties' briefs on the issue, and reviewed the pleadings, the plaintiff's proposal for landscaping, the certificate of occupancy and the performance bond. In support of its conclusion that the landscaping was not an integral part of the construction of a new home, the court considered the fact that a certificate of occupancy was issued before the landscaping was begun and the fact that the plaintiff was not the general contractor building the house, nor was the plaintiff working for the general contractor.

The plaintiff, however, contends that the fact that the town of Berlin required the defendants to acquire a performance bond to ensure that certain grading and fence work be done is proof that this work is part of the construction of the house. The court concluded that the grading and fence work performed by the plaintiff may have had some incidental relation to the defendants' satisfaction of the requirement and release of the performance bond, but "represents only a tiny [portion] of the work" done by the plaintiff for the defendants. It did not transform the landscaping into "the construction of a new home."

On the basis of the pleadings, documents, arguments and briefs, we conclude that the court's determination that the landscaping work was not an integral part of the construction of the defendants' house was not clearly erroneous.

## II

The plaintiff also claims that the court improperly denied its motion for articulation. The court denied the motion for articulation without comment. The plaintiff timely filed a motion for review of the denial with this court. We granted review but denied the relief requested. The matter has been reviewed, therefore, in accordance with Practice Book § 66-6. The plaintiff's claim, in which the plaintiff is requesting that, in effect, we again review its motion for articulation is dismissed as being improperly presented before us.

The judgment is affirmed.

In this opinion the other judges concurred.